**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

**v.**

**Christina ROSENTHAL, a/k/a Tina Rosenthal, a/k/a Tina La Plant, Defendant-Appellant.**

No. 81CA0528.

Colorado Court of Appeals, Div. III.

Feb. 17, 1983.

As Modified on Denial of Rehearing April 28, 1983.

Certiorari Denied Sept. 26, 1983.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary Mullarkey, Sp. Asst. Atty. Gen., Laura Udis, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Thomas J.B. Reed, Boulder, for defendant-appellant.

KIRSHBAUM, Judge.

Defendant, Christina Rosenthal, appeals her convictions of murder in the first degree, conspiracy to commit murder in the first degree, motor vehicle theft, conspiracy to commit motor vehicle theft, and accesso-

ry to a crime. She asserts that the trial court erred in permitting the prosecutor, over her objection, to elicit from a prosecution witness a hearsay statement uttered by a third party not present at trial. We agree, and reverse.

The record discloses the following pertinent facts. On March 20, 1979, Terry Barnhart, a Buffalo, Wyoming, policeman, spoke with James Wilbourn, an Adams County Sheriff's Department investigator, regarding the death of Ron Hardison in Colorado. Following this conversation, Barnhart arrested defendant and her companion, J.D. La Plant, for investigation of Hardison's murder. On March 21, 1979, Wilbourn traveled to Buffalo, Wyoming, and interrogated La Plant. During this interrogation, La Plant confessed that he had killed Hardison.

At trial in December 1980, relying on Colorado Rule of Evidence 802, defendant moved to prohibit the introduction of La Plant's hearsay statement. The trial court denied the motion, required the prosecution to delete all references to defendant from the statement, and, prior to its introduction into evidence, instructed the jury as follows:

> "[T]he testimony that is about to be given ... should not be considered by you in any relation to the guilt or innocence of the defendant herein. This testimony is for the purpose of establishing the involvement of J.D. La Plant only."

Wilbourn then read the redacted confession to the jury.

In denying defendant's motion, the trial court relied upon the following decisions of our Supreme Court: *People v. Scheidt,* 182 Colo. 374, 513 P.2d 446 (1973); *People v. Knapp,* 180 Colo. 280, 505 P.2d 7 (1973); *Vigil v. People,* 174 Colo. 164, 482 P.2d 983 (1971); *Stewart v. People,* 161 Colo. 1, 419 P.2d 650 (1966) and *Mulligan v. People,* 68 Colo. 17, 189 P. 5 (1919). These decisions establish the principle that otherwise inadmissible hearsay evidence of the confession of a principal participant in a criminal offense is admissible against one charged as an accessory in the commission of that offense. They also recognize that prior to the admission of such third-party confession the jury should be instructed that the facts contained therein are not to be considered as evidence against the defendant but are admitted only to establish the guilt of the principal. The trial court gave such a limiting instruction here.

Defendant contends that the admissibility of third-party confessions is governed by CRE 802 and CRE 804, and that, therefore, the cases relied upon by the trial court as authority for admitting La Plant's hearsay confession into evidence are inapposite. We agree.

Since January 1, 1980, civil and criminal trial proceedings in all Colorado courts have been governed by the Colorado Rules of Evidence (CRE). CRE 802 provides that "[h]earsay is not admissible except as provided by these rules or by the civil and criminal procedural rules applicable to the courts of Colorado or by any statutes of the State of Colorado." It is undisputed that Wilbourn's testimony describing La Plant's confession is hearsay as defined by CRE 801(c).

The People do not contend that the confession is "a statement by a co-conspirator ... [made] during the course and in furtherance of the conspiracy," which would cause it to be excluded by CRE 801(d)(2)(E) from the definition of hearsay. Such a contention would not be supported by the record here. *See People v. Small,* 631 P.2d 148 (Colo.1981).

CRE 804(b)(3) provides an exception to the rule prohibiting the admissibility of hearsay for statements which at the time of their making "so far tended to subject ... [the declarant] to civil or criminal liability ... that a reasonable man in his position would not have made the statement unless he believed it to be true." Such a "statement against interest," although hearsay, may be admitted into evidence only if "the declarant is unavailable as a witness." CRE 804(b). "Unavailability" is defined by

CRE 804(a). At trial, the prosecution asserted that *Mulligan v. People, supra,* and its progeny did not require any showing of La Plant's unavailability as a condition to the admissibility of his hearsay declaration. The prosecutor also stated that because La Plant's prior murder conviction was on appeal at the time of defendant's trial, La Plant would be entitled to exercise his Fifth Amendment privilege against testifying and, therefore, could not be called by the prosecution as a witness.

■ The People do not assert on appeal that any of the definitions of "unavailability" contained in CRE 804(a) applies here. CRE 804(a)(1) permits a finding of unavailability if the declarant "is exempted by ruling of court on the ground of privilege from testifying concerning the subject matter of his statement. . . ." Federal courts construing the identical provision of Fed.R. Evid. 804(a)(1), have concluded that the "unavailability" requirement is not satisfied by the mere suggestion that the absent declarant might attempt to exercise a privilege against testifying. *See, e.g., United States v. Zappola,* 646 F.2d 48 (2d Cir.1981); *United States v. Pelton,* 578 F.2d 701 (8th Cir.), *cert. denied* 439 U.S. 964, 99 S.Ct. 451, 58 L.Ed.2d 422 (1978); 4 *D. Louisell & C. Mueller, Federal Evidence* § 486 (1980). Thus, the declarant must actually invoke the privilege before the trial court, and the trial court must rule that the privilege is available. *See, e.g., United States v. Mangan,* 575 F.2d 32 (2d Cir.), *cert. denied* 439 U.S. 931, 99 S.Ct. 320, 58 L.Ed.2d 324 (1978); *United States v. Thomas,* 571 F.2d 285 (5th Cir.1978); *United States v. Elmore,* 423 F.2d 775 (4th Cir.), *cert. denied* 400 U.S. 825, 91 S.Ct. 49, 27 L.Ed.2d 54 (1970). *See generally* 4 *J. Weinstein, Evidence* § 804(a)[01] (1981).

■ Requiring invocation of the privilege and a judicial ruling thereon may appear a mere formality when, as here, the declarant's conviction is on appeal at the time of defendant's trial. *See, e.g., Parks v. State,* 47 Md.App. 141, 422 A.2d 384 (1980). *But see Jacobs v. State,* 45 Md.App. 634, 415 A.2d 590 (1980); *Wilkins v. State,* 11 Md. App. 113, 273 A.2d 236 (1970). However, only in exceptional circumstances may a defendant in a criminal trial be deprived of the constitutionally protected ability to test the veracity of inculpatory evidence and the credibility of the source of such evidence by confrontation in open court before the fact-finding authority. *Barber v. Page,* 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968); *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Moreover, a declarant's assertion of a privilege does not result invariably in judicial approval thereof. *See United States v. Mobley,* 421 F.2d 345 (5th Cir.1970); *Mason v. United States,* 408 F.2d 903 (10th Cir.1969), *cert. denied* 400 U.S. 993, 91 S.Ct. 462, 27 L.Ed.2d 441 (1971). In this case, for example, La Plant at one point offered to waive his constitutional privileges against self-incrimination and to testify for the prosecutor in return for sentencing concessions by the prosecutor. No judicial ruling was requested or obtained here; hence, La Plant was not "unavailable" pursuant to CRE 804(a)(1).

The People have cited no provision of the rules of civil or criminal procedure, of the Colorado Rules of Evidence, or of any statute which would render Wilbourn's testimony exempt from the prohibition of CRE 802. The People contend, however, that the evidentiary exception recognized in this jurisdiction since *Mulligan v. People, supra,* does not require the declarant's unavailability and survives the adoption of the Colorado Rules of Evidence. We will assume, for purposes of this argument only, that prior to January 1, 1980, pursuant to the case law of this jurisdiction, unavailability of the declarant was not a prerequisite to the admission into evidence of such declarant's hearsay confession during the trial of the accessory. We conclude that in their present form the Colorado Rules of Evidence permit no such case-law exception to the general prohibition against the admissi-

bility of hearsay evidence against parties in criminal and civil proceedings.[1]

CRE 802 and its federal counterpart, Fed. R.Evid. 802, contain similar exceptions to the prohibition of hearsay evidence.[2] Both differ markedly from the comparable provision of the Uniform Rules of Evidence, adopted by the National Conference of Commissioners on Uniform State Laws, which states as follows: "Hearsay is not admissible except as provided by law or by these rules." CRE 802 omits the broad exclusionary phrase "as provided by law." Instead, it carefully identifies only two sources of exceptions in addition to exceptions created by the codified rules of evidence. *See People in Interest of O.E.P.,* 654 P.2d 312 (Colo.1982).

When interpreting rules of evidence, as when interpreting statutes, we must give effect to the plain meaning of the words actually utilized. *See City & County of Denver v. Howard,* 622 P.2d 568 (Colo.1981); *Harding v. Industrial Commission,* 183 Colo. 52, 515 P.2d 95 (1973). We may not substitute terms we might prefer for those actually adopted. *See Johnston v. City Council,* 177 Colo. 223, 493 P.2d 651 (1972); *Arellano v. Director Division of Labor,* 42 Colo.App. 149, 590 P.2d 987 (1979).

The word "statute" connotes a normative principle articulated by a legislative body. It means:

"a law enacted by or by the authority of the supreme legislative branch of a government and esp. of a representative government: the written will of a legislature expressed with all the requisite

forms of legislation as distinguished from the common or written law." *Webster's Third New International Dictionary* 2230. Thus, by definition, statutory principles differ from principles articulated by courts in the course of deciding cases and controversies, or "case law." CRE 802 contains no reference to case law or common law as a source for exceptions to its prohibition. We cannot interpret the word "statute" to include the words "case law," and thus by linguistic legerdemain topple towering concepts of separation of powers forged by centuries of legal and political experience in this and other common law nations.

The Colorado Rules of Evidence include numerous comments by the appointed committee which drafted the rules over a six-year study period. *See* CRE Preamble; Quinn, *Hearsay in Criminal Cases Under the Colorado Rules of Evidence: An Overview,* 50 *U.Colo.L.Rev.* 277 (1979). Many such comments discuss the relationship of prior case law to particular rules of evidence. Some comments reveal a decision by the committee to reject a particular Federal Rule of Evidence in order to insure the retention of existing Colorado case law. *See, e.g.,* CRE 803(1); CRE 803(5). In other instances, the comments reflect a decision to adopt *verbatim* a Federal Rule of Evidence to insure a change in existing Colorado case law. *See, e.g.,* CRE 705; CRE 803(15); CRE 803(19); CRE 804(b)(4). CRE 802 contains no comment respecting its relationship to prior Colorado case law, and the comment to CRE 804(b)(3) does not address the issue presented here.

---

1. Thus, we do not review the origins and history of this nation's experimentation with the statement against penal interest exception to the prohibition against admissibility of hearsay evidence in criminal proceedings. *See, e.g., Sussex Peerage* case, 11 Cl. & F. 85, 8 Eng.Rep. 1034 (1844); *Donnelly v. United States,* 228 U.S. 243, 33 S.Ct. 449, 57 L.Ed.2d 820 (1913); *Bruton v. United States, supra; Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973); *Vaughan v. State,* 57 Ark. 1, 20 S.W. 588 (1892); 5 *J. Wigmore, Evidence* § 1477 (Chadbourne rev. 1974); *McCormick on Evidence,* § 280 (E. Cleary 2nd ed. 1972); Com-

ment, *Declarations Against Penal Interest: Standards of Admissibility Under an Emerging Majority Rule,* 56 *Boston U.L.Rev.* 148 (1976); Jefferson, *Declarations Against Interest: An Exception to the Hearsay Rule,* 58 *Harv.L.Rev.* 1 (1944).

2. Fed.R.Evid. 802 provides: "Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress."

The language of CRE 802 does not permit any exception based upon "case law" or "common law" decisions to its prohibition against the admission of hearsay evidence. We have no authority to amend the rule to include that which has been excluded. Having concluded that in criminal proceedings CRE 802 prohibits the admissibility of hearsay evidence unless such evidence is rendered admissible by an exception articulated by rules of procedure, statutes, or other rules of evidence, we must conclude that the admission of La Plant's hearsay statement over defendant's objection constituted prejudicial error. Hence, the judgments of conviction must be reversed.

Defendant's contention that the evidence does not support the verdict is without merit. Because of our disposition, we do not address defendant's additional claims of error.

The judgments of conviction are reversed and the cause is remanded for new trial.

BERMAN and TURSI, JJ., concur.