The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Donald Edward HINES, Defendant–Appellee.

No. 88SA169.

Supreme Court of Colorado, En Banc.

Oct. 16, 1989.

---

James F. Smith, Dist. Atty., Michael J. Milne, Sr. Deputy Dist. Atty., and John R. Parsons, Deputy Dist. Atty., Brighton, for plaintiff-appellant.

No appearance for defendant-appellee.

Chief Justice QUINN delivered the Opinion of the Court.

The People appeal from a judgment of acquittal entered by the district court at the conclusion of the prosecution's case on the charge of felony menacing.[1] The district court concluded that the prosecution's evidence demonstrating that the defendant made a contingent or a conditional threat while holding a weapon at his side was insufficient to establish a prima facie case of felony menacing because the threat itself was conditional and the weapon was not pointed at the victim. We disagree with the ruling of the district court.

The defendant, Donald E. Hines, was charged with the crime of felony menacing by knowingly placing or attempting to place James O'Neill in fear of imminent serious bodily injury by threat or physical action and by the use of a deadly weapon, a handgun. The prosecution's evidence established that the incident giving rise to the charge occurred at approximately 10:30 a.m. on September 15, 1987, at the intersection of 65th Place and Federal Boulevard in Adams County, while O'Neill and his brother-in-law, Charles Grammer, were traveling in a pickup truck to return some plywood to a store.

---

**1.** Section 16–12–102(1), 8A C.R.S. (1986), permits the district attorney to appeal any decision of the trial court in a criminal case upon a question of law. The district attorney's notice of appeal was filed in this court prior to August 1, 1988, the effective date of the amended version of C.A.R. 4(b)(2), which requires such appeals to be filed in the court of appeals.

Grammer was driving his pickup truck in a westerly direction on 65th Place, and O'Neill was riding as a passenger, when suddenly an automobile operated by the defendant backed out of a driveway on 65th Place in front of the pickup truck. Grammer swerved to avoid a collision and, sticking his head out of the window, called the defendant a "dumb son of a bitch." When Grammer stopped at a nearby intersection at 65th Place and Federal Boulevard, the defendant drove up to the intersection, stepped out of his automobile, and approached the pickup truck. Grammer got out of the pickup truck, and a shouting match ensued in which the defendant threatened to beat Grammer up. When O'Neill at that point exited the pickup truck, the defendant said, "Oh there [are] two of you," and ran to the side of his automobile.

O'Neill, who had a clear view of the inside of the defendant's automobile, saw the defendant reach in through the passenger window and pull out a short barrelled revolver from underneath the seat. The defendant, according to O'Neill, then placed the gun on the side of his right hip below his belt and held the gun in that position with his right hand while he was walking between his own automobile and the pickup truck. With his left hand, the defendant pointed at O'Neill and stated: "You make one move[,] you big ugly motherfucker[,] and I will put a hole in you." O'Neill, in fear that the defendant was going to shoot him, said, "Let's calm down," and shouted for anyone who might hear him to call the police. The defendant then went back to his automobile, and Grammer and O'Neill drove away in the pickup truck. The defendant followed them a short distance in his vehicle, and O'Neill was able to observe the defendant's license number. O'Neill reported the incident to the police, and the defendant was arrested shortly thereafter at his home.[2]

At the conclusion of the prosecution's case, the defendant moved for a judgment of acquittal on the basis that the prosecution's evidence was insufficient to establish a prima facie case of felony menacing. The district court granted the motion for two reasons: (1) the defendant's verbal threat to O'Neill was conditional, in that it was contingent upon O'Neill making a move against the defendant, and such conditional threat was insufficient to place O'Neill in fear of imminent serious bodily injury; and (2) the crime of felony menacing requires the use, and not merely the possession, of a deadly weapon, and the prosecution's evidence failed to establish the defendant's actual use of the weapon against O'Neill. The People thereafter filed this appeal, contending that the district court misapprehended the appropriate legal standards in granting the defendant's motion for a judgment of acquittal. We agree with the People's contention.

Section 18–3–206, 8B C.R.S. (1986), provides as follows:

A person commits the crime of menacing if, by any threat or physical action, he knowingly places or attempts to place another person in fear of imminent serious bodily injury. Menacing is a class 3 misdemeanor, but, if committed by the use of a deadly weapon, it is a class 5 felony.

The essential elements of the crime of felony menacing, therefore, consist of making a threat or taking some physical action, and doing so by the use of a deadly weapon, and thereby knowingly placing or attempting to place another person in fear of imminent serious bodily injury. *See People v. Crump*, 769 P.2d 496 (Colo.1989); *see* C.J.I. Crim. 10:16 (1983). A deadly weapon includes a firearm, whether loaded or unloaded. § 18–1–901(3)(e)(I), 8B C.R.S. (1986). Serious bodily injury means bodily injury which involves a substantial risk of death, of serious permanent disfigurement,

---

**2.** When a deputy sheriff contacted the defendant at his home, the defendant initially told the officer that he did not own a gun, but later admitted to owning a gun. The defendant also told the officer that either Grammer or O'Neill, as they drove by, threw a bottle at him. The defendant also told the officer that he drove up to the pickup truck at the intersection of 65th Place and Federal Boulevard and simulated a gun by putting his finger under his shirt and pointing it at O'Neill only after O'Neill had brandished a pipe.

or of loss or impairment of the function of any part or organ of the body. § 18–1–901(3)(p), 8B C.R.S. (1986).

In contrast to the district court's interpretation of section 18–3–206, we do not consider a conditional or contingent threat insufficient as a matter of law to satisfy the "threat" essential element of felony menacing. A threat is a statement of purpose or intent to cause injury or harm to the person, property, or rights of another, by the commission of an unlawful act. *Schott v. People*, 174 Colo. 15, 18, 482 P.2d 101, 102 (1971). Section 18–3–206 makes no distinction between a conditional and unconditional threat, and, in our view, the statutory proscription is intended to encompass a threat cast in terms of a contingency if the contingency itself remains in control of the person making the threat.

"Every threat unexecuted involves some contingency, if none other than that the maker's purpose be not abandoned, or that execution by him be not prevented." *United States v. Metzdorf*, 252 F. 933, 938 (D.Mont.1918). The fact that the threat is conditioned upon a contingency in the control of the maker does not render the threat any less real to the person to whom it is directed. *See Postell v. United States*, 282 A.2d 551 (D.C.Ct.App.1971) (conviction for crime of threatening to do bodily harm to officers upheld where defendant's threats to harm officers were conditioned upon officer's continuing conduct in arresting prostitutes allegedly working for defendant). Clearly, a statement of purpose or intent to shoot another person conditioned on the other person making some move against the maker of the threat satisfies the "threat" element of the statutory definition of felony menacing in section 18–3–206.

We also conclude that an offender may commit felony menacing by the "use" of a firearm without actually pointing the firearm at another person. The term "use" in section 18–3–206 is broad enough to include the act of holding the weapon in the presence of another in a manner that causes the other person to fear for his safety. *See e.g., United States v. Wilson*, 28 Fed.Cas. No. 16,730, P. 699 (E.D.Pa. 1830) (statutory proscription against jeopardizing life of person in charge of mail by use of a dangerous weapon does not require that weapon be pointed at victim, and statutory element of "use" is satisfied when weapon is displayed in manner that causes victim to believe that it will be used against him in case of resistance); *Culverson v. State*, 95 Nev. 433, 596 P.2d 220 (Nev.1979) (per curiam) (defendant's act of opening a bag and displaying a handgun during course of robbery, while keeping his hand on gun, constituted "use" of deadly weapon during commission of robbery); *Gaston v. State*, 672 S.W.2d 819 (Tex.App. 1983) (defendant's holding of shotgun in hands during an assault constituted "use" of a deadly weapon even though defendant made no physical motion to employ shotgun and did not verbally threaten to shoot victim).

In this case, when the evidence is viewed under the correct legal standards applicable to the crime of felony menacing, and in a light most favorable to the prosecution, *see e.g., People v. Brassfield*, 652 P.2d 588 (Colo.1982); *People v. Franklin*, 645 P.2d 1 (Colo.1982); *People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (1973), the conclusion is inescapable that the district court erred in entering a judgment of acquittal on the charge of felony menacing at the conclusion of the prosecution's case. The prosecution's evidence, when properly viewed, was sufficient to permit a jury to find beyond a reasonable doubt that the defendant threatened to shoot O'Neill if O'Neill moved against him, that the defendant, while making the threat, held a firearm in the presence of James O'Neill in a manner that caused O'Neill to fear for his own safety, and that the defendant thereby knowingly placed or attempted to place O'Neill in fear of imminent serious bodily injury. We accordingly disapprove the ruling of the district court.