The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

**Larry Darrell ADAMS, Defendant–Appellant.**

**No. 91CA1232.**

Colorado Court of Appeals, Div. IV.

June 17, 1993.

Rehearing Denied July 22, 1993.

Certiorari Denied Jan. 24, 1994.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Frances Smylie Brown, Chief Appellate Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge RULAND.

Defendant, Larry Darrell Adams, appeals the judgment of conviction entered upon jury verdicts finding him guilty of felony menacing and third degree assault. We affirm in part, reverse in part, and remand the cause for a new trial.

In the early morning hours, defendant, the ex-boyfriend of the victim, knocked on the victim's door. After entering, the victim and defendant argued.

According to the victim, defendant threatened to kill her with a gun. When she tried to escape, defendant grabbed her and beat her up. The police were called and defendant was arrested at the scene.

When arrested, defendant did not have a gun in his possession. However, a gun was found in the coat closet next to the front door. At trial, defendant admitted to striking the victim, but denied having a gun.

## I.

On appeal, defendant contends that the trial court abused its discretion in denying his challenge for cause of a prospective juror. He maintains that, because of her past experience as a crime victim and her opinion on the burden of proof, the prospective juror was biased against him. We find no abuse of discretion.

Section 16–10–103(1)(j), C.R.S. (1986 Repl. Vol. 8A) requires that a challenge for cause be sustained if there exists "a state of mind in the juror evincing enmity or bias toward the defendant or the state...." A trial court is vested with wide discretion in deter-

mining whether to grant such a challenge. *People v. Sandoval,* 733 P.2d 319 (Colo.1987).

■ We defer to the trial court's discretion on this type of issue because the trial judge is the only judicial officer able to perform the critical assessments by personal observation of the credibility and demeanor of the prospective juror. *People v. Davis,* 794 P.2d 159 (Colo.1990), *cert. denied,* 498 U.S. 1018, 111 S.Ct. 662, 112 L.Ed.2d 656 (1991). The ultimate test to be applied is whether it appears that the juror would render a fair and impartial verdict based on the evidence and the instructions. *People v. Vigil,* 718 P.2d 496 (Colo.1986).

Here, during examination by defense counsel, the prospective juror exhibited concern about drunk drivers and a misunderstanding of the presumption of innocence. However, when informed by the court of the presumption of innocence and of the prosecution's burden of proof, she accepted those concepts and agreed to abide by the court's instructions.

■ Moreover, the juror admitted that she would analyze the evidence critically and that, if it did not satisfy the prosecution's burden of proof, she would find the defendant not guilty. In addition, she stated that she would not require the defendant to present any evidence in the case. Hence, the juror's responses established that she was capable of rendering a fair and impartial verdict based on the law and the evidence. *See People v. Vigil, supra.*

Therefore, in light of the totality of the circumstances, we find no abuse of the trial court's discretion in denying defendant's challenge for cause.

## II.

After retiring, the jury sent the following note to the court:

> Definition of menacing require that the defendant have the gun in his possession when threatening [the victim]?

After conferring with both counsel and over defendant's objection, the trial court responded as follows:

> It is not necessary that one who is charged with menacing with a deadly weapon actually have the weapon in his hand or physical possession provided he has the ready means to use the weapon and the means of immediate use is apparent to the victim and the menacer threatens the immediate use of that weapon so as to place a reasonable person in fear of imminent serious bodily injury....

Defendant contends that the trial court erred when responding to the jury question. He argues that the supplemental instruction containing the definition of "use of a deadly weapon" as that term appears in the elemental instruction on menacing was an incorrect statement of the law. We agree.

Section 18–3–206, C.R.S. (1986 Repl.Vol. 8B), the menacing statute, provides:

> A person commits the crime of menacing if, by any threat or physical action, he knowingly places or attempts to place another person in fear of imminent serious bodily injury. Menacing is a class 3 misdemeanor, but, if committed *by the use of a deadly weapon,* it is a class 5 felony. (emphasis added)

■ Our primary task in construing a statute is to ascertain and give effect to the intent of the General Assembly. *Charnes v. Boom,* 766 P.2d 665 (Colo.1988). To discern legislative intent, a court should look first to the statutory language. *People v. Warner,* 801 P.2d 1187 (Colo.1990). Statutory words and phrases should be given effect according to their plain and ordinary meaning. *People v. District Court,* 713 P.2d 918 (Colo.1986). And, if the meaning of the words and phrases is clear, the statute must be applied as written.

■ One may be "armed" if a firearm is easily accessible and readily available for use by that individual in either an offensive or defensive manner. *People v. Loomis,* 857 P.2d 478 (Colo.App.1992). However, the term "use" connotes more than access. Thus, *Webster's Seventh New Collegiate Dictionary* 978 (1961) defines "use" as "the act or practice of employing something ... a method or manner of employing or applying

something...." These definitions presume that the "something" is already possessed.

 Giving effect then to the plain and ordinary meaning of the words and phrases contained in the statute, we conclude that, for purposes of the felony menacing statute, the General Assembly intended that the word "use" would necessarily include the physical possession of a deadly weapon at the time of the crime. *See People v. Hines,* 780 P.2d 556 (Colo.1989) (The term "use" in § 18–3–206 is broad enough to include the act of holding the weapon in the presence of another, without pointing the firearm at that person, in a manner that causes the other person to fear for his or her safety.).

Our conclusion finds additional support from the language employed in other statutory provisions pertaining to criminal offenses. *See* § 16–11–309(2)(a)(I), C.R.S. (1992 Cum. Supp.) (" 'Crime of Violence' means a crime in which the defendant used, or possessed and threatened the use of, a deadly weapon...."); § 18–18–407(1)(f) (1992 Cum. Supp.) (sentencing an offender who "used, displayed, possessed or had available for use a deadly weapon"). These statutes confirm that, in order to use a deadly weapon, more is required than access.

Hence, we conclude that the trial court's response to the jury's question was incorrect. And, because the evidence was conflicting whether defendant used a gun, his conviction for felony menacing must be reversed.

### III.

 As to a remaining issue that may arise on retrial, we reject defendant's contention that the trial court erred in permitting the victim to testify regarding prior threats made by defendant to her.

 Generally, because of its prejudicial effect, evidence of other acts by the defendant is not admissible to prove his character and show his propensity for such conduct. CRE 404; *People v. Honey,* 198 Colo. 64, 596 P.2d 751 (1979). However, it is admissible to prove the defendant's mental state for the

crime charged. *See People v. Czemerynski,* 786 P.2d 1100 (Colo.1990).

In this case, the prior acts consisted of threats committed against the same victim all occurring within six months before the incident for which the defendant was on trial. Hence, if similar evidence is offered on retrial, the evidence may be admitted subject to the use of limiting instructions as set forth in *People v. Czemerynski, supra.*

The judgment of conviction for third degree assault is affirmed, the judgment of conviction for felony menacing is reversed, and the cause is remanded for a new trial.

CRISWELL and PLANK, JJ., concur.