**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Kenneth Royal WHEELER, Defendant–Appellant.**

**No. 05CA2057.**

Colorado Court of Appeals, Div. VI.

Sept. 20, 2007.

John W. Suthers, Attorney General, John J. Fuerst, III, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Neff Services, Inc., Lauretta A. Martin Neff, Bayfield, CO, for Defendant–Appellant.

Opinion by Judge WEBB.

Defendant, Kenneth Royal Wheeler, appeals the judgment of conviction entered on jury verdicts finding him guilty of two counts of use of a stun gun, § 18–12–106.5, C.R.S. 2007, and two counts of misdemeanor menacing, § 18–3–206(1), C.R.S.2007. He does not challenge his conviction on two counts of false imprisonment, § 18–3–303(1), C.R.S. 2007. We affirm.

According to the prosecution's evidence, defendant threatened three other students with a stun baton and prevented two of them from leaving his dormitory room. Although the evidence shows that defendant "activated" the stun baton in the victims' presence, the Attorney General concedes that defendant did not touch or attempt to touch either of them with it.

## I. Sufficiency of the Evidence

Defendant first contends the trial court should have granted his motion for judgment of acquittal based on insufficient evidence because the prosecutor did not establish an adequate foundation for an expert's opinion that defendant's stun baton could immobilize another person. See § 18–12–101(1)(i.5), C.R.S.2007 (stun gun is "a device capable of temporarily immobilizing a person by the infliction of an electrical charge"). We disagree.

In assessing the sufficiency of the evidence, we must determine whether any rational trier of fact might accept the evidence, taken as a whole and in the light most favorable to the prosecution, as sufficient to support a finding of guilt beyond a reasonable doubt. *People v. Sprouse,* 983 P.2d 771, 777 (Colo.1999).

According to defendant, because the prosecution's expert witness had no experience with the stun baton and did not know either its amperage or what kind of batteries were in it at the time of the incident, the expert lacked an adequate foundation for his opinion that the device met the statutory definition. However, the witness was qualified without objection as an expert "in stun guns and in the training, use, and physical effects of stun guns," and defendant failed to object for inadequate foundation to the expert's opinion that the device met the statutory definition.

On appeal, defendant does not dispute that if properly admitted, the expert's opinion

would constitute sufficient evidence for the jury to have concluded that the device was a stun gun under section 18–2–101(1)(i.5). In our view, the sufficiency of the opinion to establish this element of the offense is beyond challenge.

■ Defendant cites no authority, and we have found none in Colorado, holding that a motion for judgment of acquittal preserves a challenge to the foundation for expert testimony which was admitted without objection. *See People v. Ramirez*, 155 P.3d 371, 377 (Colo.2007) ("Whether the evidence is sufficient to support a judgment is a separate question from whether the evidence should be admitted in the first place.").

Such a holding would improperly allow defendant to accomplish indirectly that which he did not do directly—contest the foundation for the expert's opinion—after the prosecutor had rested and could not develop additional bases for the opinion. *See Melville v. Southward*, 791 P.2d 383, 391 (Colo.1990) (the plaintiff "might have been able to lay an adequate foundation" if the trial court had not "simply overruled the defendant's objection and thus admitted the opinion testimony without requiring any further foundation"); *see also People v. Norman*, 703 P.2d 1261, 1272 (Colo.1985) ("Having failed to object to the foundation testimony presented by the prosecution at any time during the trial, defendant cannot challenge such evidence on appeal.").

Hence, insofar as defendant relies solely on purported lack of an adequate foundation for the opinion, we conclude that he has waived his insufficiency of the evidence argument. *See Righi v. People*, 145 Colo. 457, 462, 359 P.2d 656, 658 (1961) (defendant who failed to argue that prosecutor was limited to three peremptory challenges at trial waived the issue for purposes of appeal); *People v. Cordova*, —— P.3d ——, ——, 2007 WL 1558373 (Colo.App. No. 05CA0515, May 31, 2007) (defendant waived objection to lack of signed verdict form by failing to raise issue when jury orally announced verdict); *People v. Asberry*, 172 P.3d 927, 931, 2007 WL 1557932 (Colo.App. No. 04CA2431, May 31, 2007) (defendant waived appellate challenge to juror by failing to "exercise reasonable diligence" in developing record on which trial court should have excused the prospective juror); *Melina v. People*, 161 P.3d 635, 647 (Colo.2007) (defendant waived argument that verdict may not have been unanimous by failing either to tender a unanimity instruction or request that the prosecutor make an election).

■ Because defendant does not argue that admission of the expert's opinion was plain error, we decline to conduct a plain error review. *See People v. Masters*, 33 P.3d 1191, 1200 (Colo.App.2001) (declining to address plain error when not raised by defendant), *aff'd*, 58 P.3d 979 (Colo.2002); *see also* Crim. P. 52(b) (plain error "may be noticed").

Accordingly, we further conclude that the evidence was sufficient for the jury to have determined that defendant's device was a stun gun.

## II.   Meaning of "Uses"

Defendant next contends the trial court erred in instructing the jury over his objection on the term "uses" a stun gun as follows:

> "USED" as mentioned in these instructions, does not mean that the stun gun had to be physically applied to the person of another. The term "USED" includes holding the weapon in the presence of another in a manner that causes the other person to fear for his or her safety or in a manner that caused the victim to believe that it will be used against him or her in case of resistance.

We disagree.

■ The trial court has substantial discretion in formulating jury instructions so long as they are correct statements of the law and fairly and adequately cover the issues presented. *People v. Gordon*, 160 P.3d 284, 288 (Colo.App.2007).

Statutory interpretation is a question of law that we review de novo. *Bostelman v. People*, 162 P.3d 686, 689 (Colo.2007).

When construing a statute, our primary task is to effectuate the General Assembly's intent. *Id.* To determine this intent, we look to the plain language of the statute, read words and phrases in context, and construe

them according to their common usage. *Id.* at 690.

A statute is ambiguous if it is "reasonably susceptible to different interpretations." *Lobato v. Industrial Claim Appeals Office,* 105 P.3d 220, 225 (Colo.2005) (quoting *Bd. of Educ. v. Booth,* 984 P.2d 639, 652 (Colo. 1999)). If the statute is ambiguous, "we may consider other aids to statutory construction, such as the consequences of a given construction, the end to be achieved by the statute, and legislative history." *Bostelman v. People,* 162 P.3d at 690.

Section 18–12–106.5 provides that "[a] person commits a class 5 felony if he knowingly and unlawfully uses a stun gun in the commission of a criminal offense." The statute does not define "uses," nor has any Colorado appellate court done so in this context.

The term "use" has multiple dictionary definitions, including: "something that fills a need or gives a benefit or advantage"; "to observe or follow a custom"; "to make familiar by repeated or continued practice or experience"; and "to put into action or service." *Webster's Third New International Dictionary* 2524 (1986). Thus, the statute could reasonably be interpreted as prohibiting, in the commission of a crime, (1) only discharge of a stun gun ("put into action"), or (2) threatening display of a stun gun ("gives a benefit or advantage") as well.

■ Based on these definitions, defendant asserts that the statute is ambiguous. He further asserts that because other criminal statutes refer to "threatened use" in addition to "use"—*see, e.g.,* § 18–1.3–406(2)(a)(I)(A), C.R.S.2007—the General Assembly did not intend "uses" to go beyond discharging a stun gun. We are not persuaded.

Initially, "[w]e look at the context in which a statutory term appears, and the meaning of a word may be ascertained by reference to the meaning of words associated with it." *Robinson v. Colo. State Lottery Div.,* 155 P.3d 409, 413 (Colo.App.2006) (*cert. granted* Apr. 9, 2007); *see also People v. Bergen,* 883 P.2d 532, 537 (Colo.App.1994) (courts must look at the context in which statutory terms appear).

The broad language of the statute—"uses a stun gun in the commission of a criminal offense"—has been interpreted as applying to "any crime." *See People v. Bass,* 155 P.3d 547, 554 (Colo.App.2006). This language includes predicate offenses that could be complete without discharging a stun gun, because merely displaying the stun gun would afford the perpetrator desired leverage over the victim. *See, e.g.,* § 18–3–303(2)(a), C.R.S. 2007 (false imprisonment) ("uses force or threat of force to confine"); § 18–3–402(5)(a)(III), C.R.S.2007 (sexual assault) ("The actor is armed with a deadly weapon ... and uses the deadly weapon ... to cause submission of the victim."); § 18–4–301(1), C.R.S.2007 (robbery) ("use of force, threats, or intimidation").

Thus, looking at "use" in its statutory context, we conclude that section 18–12–106.5 unambiguously creates a separate crime whenever a stun gun facilitates commission of the predicate offense, whether or not it is discharged.

The supreme court has similarly interpreted section 18–3–206(1)(a), which provides that menacing is a felony if committed "[b]y use of a deadly weapon." *See People v. Hines,* 780 P.2d 556, 558 (Colo.1989). The *Hines* court concluded "that an offender may commit felony menacing by the 'use' of a firearm without actually pointing the firearm at another person." *Id.* It explained that the term "use" "is broad enough to include the act of holding the weapon in the presence of another in a manner that causes the other person to fear for his safety." *Id.*

*Hines* cites several out-of-state cases similarly interpreting "use." *See, e.g., United States v. Wilson,* 28 F. Cas. 699 (C.C.E.D.Pa. 1830) (No. 16,730) (statutory proscription against jeopardizing life of person in charge of mail by use of a dangerous weapon does not require that weapon be pointed at victim, and statutory element of "use" is satisfied when weapon is displayed in manner that causes victim to believe that it will be used against him in case of resistance); *Culverson v. State,* 95 Nev. 433, 596 P.2d 220 (1979) (per curiam) (defendant's act of opening a bag and displaying a handgun during course of robbery, while keeping his hand on the gun,

constituted "use" of deadly weapon during commission of robbery); *Gaston v. State,* 672 S.W.2d 819 (Tex.App.1983) (defendant's holding a shotgun during an assault constituted "use" of a deadly weapon, even though defendant made no physical motion to employ shotgun and did not verbally threaten to shoot victim).

Accordingly, we further conclude that the trial court did not err in giving the jury instruction on the term "uses."

### III. Lesser Included Offense

■ Finally, defendant contends his convictions for misdemeanor menacing are lesser included offenses of his stun gun offenses, because the element "in the commission of a criminal offense" required the prosecution to establish all elements of menacing, the predicate offense, thus making it a lesser included offense. Again, we disagree.

In *People v. Bass,* 155 P.3d at 554, the defendant similarly argued that his conviction for attempted robbery was a lesser included offense of his conviction for using a stun gun on the person he sought to rob. The division held that "[b]ecause use of a stun gun may accompany any crime … the statute defining use of a stun gun does not subsume all the essential elements of the lesser crime." *Id.* at 553–54.

Defendant cites no Colorado case, and we have found none, holding that a predicate offense other than those specifically listed in the greater offense statute is a lesser included offense. *Cf. People v. Delci,* 109 P.3d 1035, 1037 (Colo.App.2004) (because the offense of assault is specifically listed within the statute as a predicate offense for first degree burglary, it is a lesser included offense). Therefore, we decline to depart from *Bass.*

Accordingly, we conclude that misdemeanor menacing is not a lesser included offense of use of a stun gun, and the trial court was not required to merge the convictions.

The judgment is affirmed.

Judge LOEB and Judge RUSSEL concur.