The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Edgar Dewond REED, Defendant–
Appellant.

No. 04CA2611.

Colorado Court of Appeals,
Div. III.

Feb. 7, 2008.

Certiorari Denied Oct. 6, 2008.

John W. Suthers, Attorney General, Laurie A. Booras, First Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Law Office of Jami Vigil, LLC, Jami L. Vigil, Northglenn, Colorado, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Edgar Dewond Reed, appeals the judgment of conviction entered upon jury verdicts finding him guilty of three counts of aggravated robbery; conspiracy to commit aggravated robbery, theft, and menacing; theft over $15,000; three counts of felony menacing; and four counts of crime of violence with a deadly weapon. We affirm.

## I. Background

In July 2003, three men robbed a U.S. Bank in Colorado Springs. One of the men fired one shot at the ceiling and one shot toward the tellers, injuring no one. The men ran out of the bank, toward a parking lot. A Cadillac was subsequently observed leaving the parking lot.

Thereafter, Reed, Al J. Williams, and Calvin Clark were charged with numerous offenses arising from the robbery. Clark accepted a plea agreement and testified against Williams and Reed, who were tried together. The jury acquitted Reed of attempted first degree murder, attempted second degree murder, and one count of menacing. He was found guilty of all other counts. This appeal followed.

## II. Admission of Codefendant's Hearsay Statements

Reed contends the trial court erred when it permitted Matthew Graves, Williams's cellmate, to testify about statements that Williams made to Graves, implicating both Williams and Reed in the robbery. Specifically, Reed argues that, because Williams was present throughout the trial and ultimately testified, he was not unavailable under CRE 804(a), and, therefore, the testimony of Graves was inadmissible hearsay. We are not persuaded.

Although trial courts are given wide discretion in determining the admissibility of evidence, including the admission of statements against interest, *People v. Stephenson*, 56 P.3d 1112, 1116 (Colo.App.2001), here, we review the trial court's interpretation of CRE 804 de novo. *See People v. Wheeler*, 170 P.3d 817, 819 (Colo.App.2007) (statutory in-

terpretation is a question of law, reviewed de novo).

■ Hearsay is an out-of-court statement offered into evidence to prove the truth of the matter asserted. CRE 801(c); *People v. Kendall,* 174 P.3d 791, 796 (Colo.App.2007). Hearsay is inadmissible unless it falls within one of the exceptions to the hearsay rule. *Kendall,* 174 P.3d at 796.

As a preliminary matter, we note that Reed does not contend that his confrontation clause rights were violated. Because he had the opportunity to cross-examine Williams and Graves at trial, we agree.

Here, the court admitted the hearsay statement under CRE 804(b)(3), which is the statement against interest hearsay exception. A statement against interest is admissible if, at the time it is made, the statement subjects the declarant to criminal liability and is of such significance that the declarant would not have made the statement unless he or she believed it to be true. *See* CRE 804(b)(3); *see also Stephenson,* 56 P.3d at 1116. "Thus, the statement's self-inculpatory nature is the basis of its presumed trustworthiness." *Bernal v. People,* 44 P.3d 184, 195 (Colo.2002). However, this hearsay exception applies only if the declarant is unavailable to testify at trial. *See* CRE 804(b)(3); *Bernal,* 44 P.3d at 195.

■ In *People v. Newton,* 966 P.2d 563 (Colo.1998), the supreme court articulated a three-part test to determine whether a statement inculpating a defendant is admissible pursuant to CRE 804(b)(3) and does not violate the defendant's rights under the Confrontation Clause. *See People v. Jensen,* 55 P.3d 135, 138 (Colo.App.2001). First, the declarant must be unavailable within the meaning of CRE 804(a). Second, the statement must tend to subject the declarant to criminal liability. Third, the People must show by a preponderance of the evidence that corroborating circumstances demonstrate the trustworthiness of the statement. *Id.*

Here, Reed does not dispute that the second and third prongs were satisfied. Rather, he argues only that the first prong was not

satisfied because Williams testified and, therefore, was not unavailable.

CRE 804(a) sets forth five subsections, which articulate circumstances of "unavailability." Specifically, CRE 804(a)(1) states that " '[u]navailability as a witness' includes situations in which the declarant ... is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of his [or her] statement." The other four enumerated subsections are not applicable here. None of the five subsections includes being a codefendant in a criminal proceeding.

Although the People contend that Williams was unavailable pursuant to CRE 804(a)(1) because he could have invoked his Fifth Amendment privilege not to testify, we conclude he was not unavailable on that basis. This is so because there was no ruling by the court on the ground of Williams's privilege not to testify. *See People v. Rosenthal,* 670 P.2d 1254, 1256 (Colo.App.1983) ("the trial court must rule that the privilege is available" before the declarant is deemed unavailable). Accordingly, CRE 804(a)(1) does not apply.

Reed argues that, unless one of CRE 804(a)'s five subsections is satisfied, a declarant is available and, thus, his or her statement against interest is inadmissible. We disagree.

■ When interpreting rules of evidence, we must give effect to the plain meaning of the words actually utilized. *Id.* at 1257. The term "includes," as used in CRE 804(a), indicates a partial list; thus, a declarant may be unavailable based upon circumstances not enumerated in CRE 804(a). *See Black's Law Dictionary* 777 (8th ed. 2007) ("The participle *including* typically indicates a partial list."); *see also Cherry Creek Sch. Dist. No. 5 v. Voelker,* 859 P.2d 805, 813 (Colo.1993) ("[T]he word 'includes' is ordinarily used as a word of extension or enlargement.... To hold otherwise would transmogrify the word 'include' into the word 'mean.' " (quoting *Lyman v. Town of Bow Mar,* 188 Colo. 216, 222, 533 P.2d 1129, 1133 (1975))). Accordingly, we conclude that a declarant may be "unavailable" under CRE

804(a) for a reason not explicitly set forth in that rule.

■ The issue presented here—whether a declarant's out-of-court statement inculpating the declarant and a codefendant may be introduced as substantive evidence at their joint trial pursuant to CRE 804(b)(3), when the declarant is present in court but has not yet decided whether to testify—has not been previously addressed by Colorado's appellate courts. Although a division of this court held in *Rosenthal* that a trial court must rule that a privilege not to testify exists before a declarant is deemed unavailable pursuant to CRE 804(a)(1), the issue presented here is distinguishable. *See* 670 P.2d at 1256. Here, the declarant, Williams, was arguably available because he was being tried with his codefendant and was present in court.

Although the factual situation here is somewhat uncommon, those jurisdictions considering it have concluded that a declarant's status as a codefendant in a joint trial renders him or her unavailable for the purposes of their equivalent of CRE 804(a). *See United States v. Gio,* 7 F.3d 1279, 1288 (7th Cir.1993) (interpreting Fed.R.Evid. 804(a)); *see also United States v. Patterson,* 819 F.2d 1495, 1503–04 (9th Cir.1987) (same); *United States v. Savoca,* 335 F.Supp.2d 385, 390 (S.D.N.Y.2004) (same); *cf. People v. Dhue,* 444 Mich. 151, 506 N.W.2d 505, 511 (1993) (declarant's status as a defendant in a separate trial renders him unavailable, interpreting Mich. R. Evid. 804(a)). Although most of the cited cases interpret Fed.R.Evid. 804(a), the language of CRE 804(a) is "virtually identical," and, accordingly, we find those cases highly persuasive. *See People v. Fry,* 92 P.3d 970, 983 (Colo.2004); *see also Lindsey v. People,* 892 P.2d 281, 296 n. 29 (Colo. 1995), *abrogated on other grounds by People v. Shreck,* 22 P.3d 68 (Colo.2001).

■ The decision to testify at trial remains within the exclusive discretion of a defendant; it is a crucial decision concerning a constitutional right that may govern his or her fate. *See People v. Blehm,* 983 P.2d 779, 786 (Colo.1999); *see also People v. Curtis,* 681 P.2d 504, 513 (Colo.1984). Additionally, a defendant has the constitutional right to decide at what point during his or her defense he or she wishes to testify. *Brooks v. Tennessee,* 406 U.S. 605, 613, 92 S.Ct. 1891, 1895, 32 L.Ed.2d 358 (1972); *see also People v. James,* 937 P.2d 781 (Colo.App.1996).

Here, because Reed was tried with his codefendant, Williams, neither the prosecutor nor defense counsel was able to call Williams as a witness. *See People v. Cathron,* 2000 WL 33522357 (Mich.Ct.App. No. 202104, Mar. 7, 2000) (unpublished order) (under Michigan equivalent of CRE 804(a), declarant was unavailable as a witness because he was a codefendant and had not yet decided whether to testify). Thus, although Williams was present in court, he was "unavailable" within the meaning of CRE 804(a) when the People called Graves to testify.

Further, had the trial court required Williams to decide whether he would testify before the People called Graves as a witness, it would have violated Williams's constitutional right to decide whether and when to testify. *See Curtis,* 681 P.2d at 513; *see also Brooks,* 406 U.S. at 613, 92 S.Ct. at 1895. Consequently, when the People called Graves as a witness, Williams was "unavailable" pursuant to CRE 804(a). Accordingly, Graves's testimony regarding Williams's statement to him was admissible as a statement against interest under CRE 804(b)(3).

■ Where codefendants are tried together and a declarant who is a codefendant has not decided whether to testify, the trial court must presume the declarant-codefendant is unavailable for the purposes of CRE 804(a), even if that person is present in court. *See Gio,* 7 F.3d at 1288. Otherwise, a declarant who is a codefendant could create error by becoming "available" by deciding to testify after hearsay statements against interest pursuant to CRE 804 were admitted into evidence.

Accordingly, because the trial court could not require Williams to decide whether to testify when Graves was called as a witness, the trial court did not err in permitting Graves's testimony concerning Williams's statements.

### III. Juror Misconduct

Reed next contends the trial court erred by not conducting an evidentiary hearing on his motion for a new trial based upon alleged juror misconduct during jury deliberations. One of the jurors submitted an affidavit, alleging that other jurors slammed a pen and books down in front of her, stared at her in an intimidating manner, and yelled at her. She further alleged that she felt threatened and coerced into finding Reed guilty.

In September 2005, the motions division of this court granted a limited remand to the trial court to rule upon Reed's motion for a new trial based upon the allegations of juror misconduct. The trial court held a nonevidentiary hearing and, after hearing counsels' arguments, denied Reed's motion.

Reed's codefendant, Williams, also raised this issue on appeal. In *People v. Williams*, 2007 WL 3197205 (Colo.App. No. 04CA2612, Nov. 1, 2007) (not published pursuant to C.A.R. 35(f)), a division of this court concluded that an evidentiary hearing was not required because the trial court applied the proper legal standard of objectively analyzing the juror's affidavit and concluded the allegations did not constitute overt coercive acts. We agree with the division's rationale and, accordingly, conclude the trial court did not err.

### IV. Motion to Sever Trial from That of Codefendant

Reed contends the trial court erred in refusing to sever his case from Williams's case. Williams also raised this issue on appeal. The division concluded that the trial court did not abuse its discretion in denying the motion to sever because Williams's defense was not antagonistic to Reed's defense. Again, we agree with the division's rationale and conclude the trial court did not abuse its discretion. Further, we find unpersuasive Reed's contention that his factual circumstances are different from those of Williams and, therefore, warrant a different result.

### V. Out–of–Court Identification of the Cadillac

Reed finally contends the trial court abused its discretion by permitting testimony and photographs concerning an impermissibly suggestive out-of-court identification of his Cadillac, which the prosecution argued was the get-away vehicle. Specifically, Reed argues that the procedures set forth in *Bernal*, 44 P.3d at 191, for an out-of-court identification of a suspect apply here to the out-of-court identification of Reed's Cadillac. Again, we are not persuaded.

We review a trial court's decision concerning the admissibility of evidence for an abuse of discretion. *People v. Ibarra*, 849 P.2d 33, 38 (Colo.1993).

"[T]he identification of an inanimate object . . . is not as crucial an element of the proof as is a direct identification of a defendant as the person who committed a crime." *People v. Hogan*, 114 P.3d 42, 51 (Colo.App. 2004). Accordingly, "the same constitutionally prescribed procedures used for identifying suspects do not apply to procedures used in identifying inanimate objects." *Id.*

"[A]ny inadequacy in the procedures followed and the failure to use other procedures reasonably available are arguments that can be presented to the jury." *Id.* In short, defects in the procedure for an out-of-court identification of an inanimate object go to the weight of the evidence, not its admissibility. *Id.*

Because Reed does not otherwise challenge the admissibility of the testimony and photographs concerning his Cadillac, we conclude the trial court did not abuse its discretion.

The judgment is affirmed.

Judge LOEB and Judge HAWTHORNE concur.