**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 15, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MANUEL ARMANDO GUTIERREZ-
BORJAS,

Defendant - Appellant.

No. 13-1538
(D.C. No. 1:13-CR-00250-JLK-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **BALDOCK**, and **HOLMES**, Circuit Judges.

Manuel Gutierrez-Borjas appeals his sentence, arguing that the district court

committed plain error in applying a four-level enhancement under U.S.S.G.

§ 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony offense.

Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3231, we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

# I

Gutierrez-Borjas is a citizen of Mexico who has been removed from the United States on several occasions. Around 4:30 a.m. on May 12, 2013, Gutierrez-Borjas broke into a home in Gunnison, Colorado by climbing through a window. Gutierrez-Borjas' wife and children were staying at that residence, having left the marital home after a domestic disagreement. When police arrived, he was sitting on a couch in the living room and appeared intoxicated. Officers discovered a .380 semiautomatic pistol in Gutierrez-Borjas' possession.

The government charged Gutierrez-Borjas with being an undocumented alien in possession of a firearm in violation of 18 U.S.C. § 922(g)(5)(A) and with illegal reentry in violation of 8 U.S.C. § 1326(a). He pled guilty to both counts pursuant to a written plea agreement. The presentence investigation report ("PSR") calculated a total offense level of fifteen, including a four-level enhancement because Gutierrez-Borjas committed the offense "in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). Specifically, the PSR concluded that Gutierrez-Borjas committed the offense of menacing under Colorado state law, based on the following undisputed account of Gutierrez-Borjas' arrest:

> During questioning at the residence, officers discovered that there was an open warrant for Defendant in Oregon for a weapons charge. When they informed Defendant of the warrant, he became anxious, and appeared to adjust his waistband with his hands. Defendant denied possessing any firearms. But when he stood up from the couch, Defendant dropped a silver-colored pistol through his pants leg and tried to slide it under the couch with his foot.

Gutierrez-Borjas did not object to this enhancement.

The district court imposed a sentence of 32 months, within Gutierrez-Borjas'
Guidelines range of 30 to 37 months. Gutierrez-Borjas timely appealed.

**II**

Because Gutierrez-Borjas did not object to the four-level enhancement below, we
review only for plain error. See United States v. Frost, 684 F.3d 963, 971 (10th Cir.
2012). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects
substantial rights, and which (4) seriously affects the fairness, integrity, or public
reputation of judicial proceedings." Id. (quotation omitted).

The Guidelines provide for a four-level enhancement if the defendant "used or
possessed any firearm or ammunition in connection with another felony offense."
U.S.S.G. § 2K2.1(b)(6)(B). "Another felony offense" means "any federal, state, or local
offense, other than the explosive or firearms possession or trafficking offense, punishable
by imprisonment for a term exceeding one year, regardless of whether a criminal charge
was brought, or a conviction obtained." Id. app. n.14(C). The felony offense at issue in
this case is menacing, defined in Colorado statute as follows: "A person commits the
crime of menacing if, by any threat or physical action, he or she knowingly places or
attempts to place another person in fear of imminent serious bodily injury." Colo. Rev.
Stat. § 18-3-206(1). Menacing is generally a misdemeanor, but qualifies as a felony if
committed "[b]y the use of a deadly weapon." Colo. Rev. Stat. § 18-3-206(1)(a).

Gutierrez-Borjas argues that the record was insufficient to establish that he committed felony menacing under Colorado law because there is no evidence that he actively employed the firearm in his possession. He relies heavily on the Colorado Court of Appeals decision in People v. Adams, 867 P.2d 54 (Colo. Ct. App. 1993). There, the defendant threatened to shoot a victim, but did not have physical possession of a firearm when he made the threat. Id. at 55. The court held that "the General Assembly intended that the word 'use' would necessarily include the physical possession of a deadly weapon at the time of the crime." Id. at 57. It held that "'use' connotes more than access" and quoted a dictionary definition for the proposition that "use" means "the act or practice of employing something." Id. at 56-57.

We acknowledge that this ordinary meaning argument has some force. But to satisfy plain error review, Gutierrez-Borjas must show that the error was "obvious or clear, i.e., . . . contrary to well-settled law." United States v. Edgar, 348 F.3d 867, 871 (10th Cir. 2003) (quotation omitted). "In general, for an error to be contrary to well-settled law, either the Supreme Court or this court must have addressed the issue." United States v. DeChristopher, 695 F.3d 1082, 1091 (10th Cir. 2012) (quotation omitted). Gutierrez-Borjas does not point to any federal case law on point. However, we have stated that plain error might be demonstrated "by showing that the construction of the state law that [a defendant] advances is the sole reasonable one." United States v. Huskey, 502 F.3d 1196, 1198 (10th Cir. 2007).

Looking to other Colorado cases, we cannot conclude that Gutierrez-Borjas'

-4-

actions were obviously insufficient to support a menacing conviction. In People v. Hines, 780 P.2d 556 (Colo. 1996), the defendant "placed [a] gun on the side of his right hip below his belt and held the gun in that position with his right hand" before uttering a verbal threat. Id. at 558. The Colorado Supreme Court rejected the argument that "use" of a firearm requires pointing: "The term 'use' in section 18-3-206 is broad enough to include the act of holding the weapon in the presence of another in a manner that causes the other person to fear for his safety." Id. at 559;[1] see also People v. Dist. Court, 926 P.2d 567, 571 (Colo. 1996) ("[T]he phrase 'use of a deadly weapon' is broad enough to include the act of holding a weapon in the presence of another in a manner that causes the other person to fear for his safety, even if the weapon is not pointed at the other person.").

Further, in People v. Saltray, 969 P.2d 729 (Colo. Ct. App. 1998), the court rejected defendant's argument that felony menacing "requires an awareness on the part of the victim that he is being threatened." Id. at 731. Instead, the court held that a conviction under the menacing statute is proper "if there is evidence from which the jury could reasonably find that defendant knew his actions, if discovered, would place the victim in fear of imminent serious bodily injury by use of a deadly weapon." Id. at 732 (emphasis added).

---

[1] The Hines court seemed to indicate in dicta that this result would hold even without an explicit verbal threat; it cited favorably to a Texas case, Gaston v. State, 672 S.W.2d 819 (Tex. App. 1983), which was parenthetically described as "defendant's holding of shotgun in hands during an assault constituted 'use' of a deadly weapon even though defendant made no physical motion to employ shotgun and did not verbally threaten to shoot victim." Hines, 780 P.2d at 559.

The district court did not plainly err in concluding Gutierrez-Borjas engaged in "physical action" that "places or attempts to place another person in fear of imminent serious bodily injury," Colo. Rev. Stat. § 18-3-206(1), when he broke into a home occupied by his recently estranged wife in the early morning hours. The <u>Hines</u> decision establishes that holding a weapon without pointing it constitutes "use." And although Gutierrez-Borjas concealed the firearm he was carrying, <u>Saltray</u> tells us that the relevant question is whether the defendant's actions "if discovered" would cause the requisite level of fear in the victim. 969 P.2d at 732; <u>see also</u> <u>People v. Zieg</u>, 841 P.2d 342, 344 (Colo. Ct App. 1992) (felony menacing conviction may be upheld "even though the victim may not be aware of the nature of the instrument employed by the perpetrator"). Gutierrez-Borjas' holding of the firearm in his waistband, if discovered, could have caused the requisite level of fear in his recently estranged wife when coupled with his other conduct. Accordingly, we conclude that Gutierrez-Borjas' actions might have qualified as felony menacing as that statute has been interpreted by Colorado courts.

In an attempt to counter this conclusion, Gutierrez-Borjas argues that <u>Saltray</u> is a <u>mens rea</u> case, inapplicable to his principal claim that the record is insufficient as to <u>actus reus</u>.[2] The <u>Saltray</u> opinion did frame its analysis around the "mental culpability

---

[2] Gutierrez-Borjas also briefly argues that the evidence is insufficient to establish the necessary <u>mens rea</u> for menacing. We disagree. As long as the defendant is "aware that his conduct was such that it was practically certain to place the victim in fear of imminent serious bodily injury," no specific intent is required. <u>Saltray</u>, 969 P.2d at 731. Gutierrez-Borjas' actions, if discovered, <u>see</u> <u>id.</u> at 732, could meet this standard.

element." 969 P.2d at 731. And it stated that threatening conduct, "if discovered," is sufficient to establish "the intent element of the offense." Id. at 732. But the court also ruled that "the proper focus is on the intent <u>and conduct</u> of the actor and not the victim." Id. at 731 (emphasis added). Moreover, if undiscovered conduct were insufficient to establish <u>actus reus</u>, the <u>Saltray</u> court would presumably have reversed the defendant's conviction, which rested wholly on acts not observed by the victim. The contention at issue in that case, as stated by the court, was not limited to the <u>mens rea</u> component. <u>See</u> <u>id.</u> ("Defendant contends that the offense of felony menacing requires an awareness on the part of the victim that he is being threatened and that, therefore, the prosecution's evidence was insufficient as a matter of law to sustain his conviction.").

The plain error standard is a demanding one. <u>See</u> <u>United States v. McGehee</u>, 672 F.3d 860, 876 (10th Cir. 2012). Because neither our court nor the Supreme Court has decided the issue presented, <u>see</u> <u>DeChristopher</u>, 695 F.3d at 1091, and because the Colorado case law does not point to an obvious answer, we conclude that Gutierrez-Borjas has not satisfied the second prong of the plain error test.

## III

**AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

-7-