**Ann M. FLOOD, Plaintiff,**

v.

**WISCONSIN REAL ESTATE INVESTMENT TRUST et al., Defendants.**

Civ. A. No. 77–2133.

United States District Court, D. Kansas.

Dec. 17, 1980.

Donald S. Eisenberg, Charles W. Giesen,
Kevin F. Milliken, Eisenberg, Giesen & Ew-

ers, Madison, Wis., Terry M. Roehl, Overland Park, Kan., for plaintiff.

Bill E. Fabian, J. Nick Badgerow, McAnany, Van Cleave & Phillips, P. A., Kansas City, Kan., for defendants.

MEMORANDUM & ORDER

SAFFELS, District Judge.

This case comes before the Court for determination of the defendants' motion for judgment notwithstanding the verdict, motion for new trial, and motion for remittitur. On October 27, 1980, the plaintiff was awarded Three Hundred Ninety Thousand Five Hundred Eighty Dollars ($390,580.00), plus her costs, by the jury who heard her claims of breach of express and implied warranties of security provided by the apartment complex in which she resided. Plaintiff's injuries were the result of an assault and rape which occurred when she surprised burglars in her apartment. The assailants were not apprehended or brought to trial. Plaintiff instituted this action against the owners and managers of the apartment complex, alleging a breach of an express warranty of security and a breach of an implied warranty to maintain the security conditions and negligence. This Court granted a summary judgment for the defendants as to negligence in an earlier opinion, holding that there was no duty of a landlord to provide security under Kansas law. The issues of an express warranty and an implied warranty were presented to the jury at trial.

██ In considering a motion for a judgment n. o. v. the evidence must be viewed in the light most favorable to the party against whom the motion is made. *Wilkins v. Hogan,* 425 F.2d 1022 (10th Cir. 1970); *Weeks v. Latter–Day Saints Hospital,* 418 F.2d 1035 (10th Cir. 1969); *Gulf Insurance Co. v. Kolob Corp.,* 404 F.2d 115 (10th Cir. 1968). A judgment n. o. v. may be granted unless the evidence points but one way and is susceptible to no reasonable inferences which may sustain the position of the party against whom the motion is made. *Symons v. Mueller Co.,* 493 F.2d 972 (10th Cir. 1974); *Swearngin v. Sears, Roebuck & Co.,* 376 F.2d 637 (10th Cir. 1967). It is not the Court's duty to weigh the evidence presented, *Wilkin v. Sunbeam Corp.,* 377 F.2d 344 (10th Cir. 1967), or to pass on the credibility of witnesses, 9 Wright & Miller, Federal Practice & Procedure, § 2537, or to substitute its judgment of the facts for that of the jury, *Swearngin v. Sears, Roebuck & Co., supra.*

██ The standard for granting a new trial is less rigorous than the standard for granting judgment notwithstanding the verdict. A decision to grant a new trial "involves an element of discretion which goes further than the mere sufficiency of the evidence. It embraces all the reasons which inhere in the integrity of the jury system itself." *Tidewater Oil Co. v. Waller,* 302 F.2d 638, 643 (10th Cir. 1962). A new trial is not in order unless the Court finds that prejudicial error has entered the record or that substantial justice has not been done. *Seven Provinces Ins. Co. Ltd. v. Commerce & Industry Ins. Co.,* 65 F.R.D. 674 (W.D.Mo.1975).

The Court has carefully reviewed the evidence presented at the trial, the conduct of the trial, and the issues of fact that were to be determined. The Court finds that the record contains sufficient evidence to support the jury's findings that plaintiff suffered reasonably ascertainable damages as a result of the breach of the express and implied warranties. Therefore, the motion to enter a judgment n. o. v. will be denied. Further, the Court concludes that a new trial is not justified. The defendants have presented no errors which have affected the substantial rights of the parties. Several points raised by the defendants presented novel issues, and the Court believes it appropriate to address these areas.

██ Defendants asserted that the evidence did not support a finding by the jury that the defendants breached any implied warranties, claiming that the evidence only disclosed "that the apartment was reasonably suitable for human habitation, and was better than many other apartment complexes in [the] community, including the plain-

tiff's former dwelling." The Court cannot agree that this summary of the evidence demonstrates no breach of an implied warranty occurred. The basis for an implied warranty concerning security provided to apartment dwellers was stated in *Kline v. 1500 Massachusetts Avenue Apartment Corp.,* 439 F.2d 477 (D.C.Cir. 1970):

"... Since the lessees continue to pay the same rent, they were entitled to expect that the landlord would continue to keep the premises in their beginning condition during the lease term. It is precisely such expectations that the law now recognizes as deserving of formal, legal protection." *Id. at 485.*

The Kansas Supreme Court has recognized that a lease is essentially a contract containing reciprocal rights and obligations on the part of the lessor and the lessee. *Steele v. Latimer,* 214 Kan. 329, 521 P.2d 304 (1974). Rather than simply receiving an interest in land, the modern urban dweller seeks and buys a package of goods and services. As a result of this contractual relationship of the landlord and the tenant, an implied warranty arises that the landlord will continue to keep the premises in their beginning condition during the lease term. Here, evidence was presented that at the beginning of the lease term of the plaintiff the apartment complex employed a security officer who patrolled the area at night. Over the period of the tenancy of the plaintiff, the security guard undertook another job during the daytime for twenty-five to thirty (25–30) hours per week, and acquired more security accounts during his night patrol. The apartment complex did nothing to provide additional night guards. The jury could reasonably infer that the defendants failed to maintain the level of security imposed at the beginning of plaintiff's lease term, resulting in a breach of an implied warranty to maintain the conditions.

■ The defendants have further asserted that, as a matter of law, no express warranty was created. The Court believes the jury was properly instructed upon the issue of the express warranty. If the facts or affirmations relied upon to prove an express warranty rest wholly in parol, whether they amount to an express warranty is a question for the jury to determine. *Adrian v. Elmer,* 178 Kan. 242, 284 P.2d 599 (1955). Here, the jury was presented evidence of advertisements and the conversation between the plaintiff and the managers of the apartment complex. The Court will not disturb the jury's finding that an express warranty existed and was breached.

■ The defendants have alleged as error the Court's failure to submit the case to the jury on the doctrine of comparative fault. The Court is not persuaded that this is a case in which comparing the fault is proper. The claim for damages arose out of a contractual relationship between the plaintiff and the defendants. The defendants have cited no support for adopting comparative fault in a contracts case. The Court concludes that it was proper to refuse the instructions offered by defendants that would have compared fault.

■ As error requiring a new trial and as support for a motion for remittitur, the defendants have alleged that the verdict was excessive and either was the result of passion and prejudice, or was so unjustified and excessive that a remittitur is proper. The Court finds that the award was supported by the evidence. The evidence was that plaintiff suffered severe psychological injuries as a result of the assault, including many which will continue in the future. Her psychiatrist testified that the plaintiff was more susceptible to needing future psychiatric care as a result of the assault, based upon the nature of her psychological make-up. Considering the nature of the assault and the type of injuries, the Court cannot say that the award is factually or legally unsupportable on the record, or that it is clearly excessive or unreasonable. Accordingly, it will not be disturbed.

The defendants have presented numerous other allegations or error. After carefully reviewing the arguments presented, the evidence at trial, the conduct of the trial, and the issues of fact, the Court finds that

adequate evidence was introduced at trial to support the jury's verdict, and that there is no indication of error which would require a new trial.

IT IS THEREFORE BY THE COURT ORDERED that the motion for a new trial (Docket Entry No. 119) is hereby denied. IT IS FURTHER ORDERED that the motion for judgment notwithstanding the verdict (Docket Entry No. 121) is hereby denied, and further that the motion for remittitur (Docket Entry No. 123) is hereby denied.