SIFERS CORPORATION, Plaintiff,

v.

ARIZONA BAKERY SALES
COMPANY, Defendant.

Civ. A. No. 90–2021–O.

United States District Court,
D. Kansas.

Jan. 10, 1991.

P. John Brady, Shughart, Thomson &
Kilroy, P.C., Kansas City, Mo., Greg L.
Musil, Shughart, Thomson & Kilroy, P.C.,
Overland Park, Kan., for plaintiff.

Steve A. Leben, Overland Park, Kan., for
defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on plaintiff's motion for judgment notwithstanding the verdict pursuant to Rule 50(b) of the Federal Rules of Civil Procedure or, in the alternative, for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. Plaintiff, Sifers Corporation, originally filed this action claiming breach of a contract for the sale of plastic drinking cups. Defendant, Arizona Bakery Sales Company, counterclaimed for breaches of contract and warranty.

## FACTS

Following a jury trial, a verdict was rendered in favor of both plaintiff and defendant on their contract and warranty claims and damages were awarded to plaintiff in the amount of $5,338.20. The jury awarded no damages to defendant.[1] After the verdict was read, the court individually polled the jurors and each juror indicated assent to the verdict as read. The court then formally discharged the jury.

Within a few minutes after the jury had been discharged, the jurors informed the

---

1. Specifically, the verdict form read:

(1) Do you find that defendant breached the contract, as alleged by plaintiff?
   Yes _x_ No___
(1a) If you answered "Yes" to Questions (1), what amount of damages do you award plaintiff?
   $5,338.20

(2) Do you find that plaintiff breached the contact and/or any warranty, as alleged by defendant?
   Yes _x_ No___
(2a) If you answered "Yes" to Question (2), what amount of damages do you award defendant for the breach of contract and/or warranty?
   $0

bailiff that they had made a mistake on the verdict form. After conferring with counsel, the court formally reconvened the jurors and inquired whether the verdict as read accurately reflected their decision. The jury foreman stated it did not. He then stated, as did all jurors unanimously, that the jury intended to award the amount of $5,338.20 to the defendant, rather than to the plaintiff. The court allowed the foreman to correct the verdict form and then polled the jurors, each of whom acknowledged agreement with the verdict as corrected. The court subsequently entered judgment based on the corrected verdict form.

Plaintiff now moves for judgment notwithstanding the verdict or, in the alternative for a new trial, contending that the court erred in allowing the jury to correct the verdict form after formal discharge. Plaintiff also moves for judgment notwithstanding the verdict claiming the verdict was unsupported by the evidence. For the following reasons, the court denies plaintiff's motions.

## STANDARDS

In considering a motion for judgment notwithstanding the verdict, the evidence must be viewed in a light most favorable to the party against whom the motion is made. *Downie v. Abex Corp.*, 741 F.2d 1235 (10th Cir.1984). It is not the court's role to reweigh the evidence, assess the credibility of witnesses, or substitute its judgment for that of the jury. *Lucas v. Dover Corp., Norris Div.*, 857 F.2d 1397, 1400 (10th Cir.1988). A judgment notwithstanding the verdict is cautiously and sparingly granted when the court is certain the evidence "conclusively favors one party such that reasonable men would not arrive at a contrary verdict." *Western Plains Service Corp. v. Ponderosa Development Corp.*, 769 F.2d 654, 656 (10th Cir.1985).

The standards for granting a motion for new trial are less rigorous and precise than those for granting a motion for judgment notwithstanding the verdict. A trial court has broad discretion in deciding whether to grant or deny a motion for a new trial. *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556, 104 S.Ct. 845, 850, 78 L.Ed.2d 663 (1984); *Brownlow v. Aman*, 740 F.2d 1476, 1491 (10th Cir. 1984). Such a motion may be granted when the court believes the verdict is against the weight of the evidence, when prejudicial error has entered the record, or when substantial justice has not been done. *Holmes v. Wack*, 464 F.2d 86, 88–89 (10th Cir.1972); *Flood v. Wisconsin Real Estate Inv. Trust*, 503 F.Supp. 1157, 1159 (D.Kan. 1980). A motion for a new trial on the grounds that the jury verdict is against the weight of the evidence normally involves a determination of whether the verdict is clearly, decidedly, or overwhelmingly against the weight of the evidence. *Black v. Hieb's Enterprises Inc.*, 805 F.2d 360, 363 (10th Cir.1986).

## VERDICT CORRECTION

Plaintiff moves the court for judgment notwithstanding the verdict or, in the alternative, for a new trial, contending that the court has no power to allow a jury to correct a verdict after formal discharge, since such corrections are "untrustworthy" and would "breed uncertainty." Defendant counters that pursuant to Rule 60(a), Federal Rules of Civil Procedure, the court may correct clerical errors in a jury verdict if the court determines that the verdict form fails to report the jury's intended result.[2]

Initially, we agree with the defendant that the error in this case was essentially a clerical one, as the jury foreman merely wrote the damage amount in the wrong space on the verdict form. This view is supported by the undisputed fact that the amount of the award, $5338.20, was the total of two of the three items of damages claimed by the defendant. We

---

**2.** Rule 60(a), Fed.R.Civ.P., provides in pertinent part:

"[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative...."

agree further that pursuant to Rule 60(a), Federal Rules of Civil Procedure, courts have always had the power to correct a jury's verdict "if it fails to report what the jury intended." *See* C. Wright & A. Miller, 11 *Federal Practice and Procedure* § 2854 at 152–53 (1973).

Moreover, we note that the Tenth Circuit implicitly approved the correction of clerical errors in a jury verdict in *Allied Materials Corp. v. Superior Products Co.*, 620 F.2d 224 (10th Cir.1980). In that case, the defendant appealed the trial court's *sua sponte* correction before entry of judgment of a clerical error in the amount of a contempt award, changing the initial award of $1200 to an award of $12,000.

In upholding the correction, Judge Logan stated that Rule 60(a) allows correction where "the thing spoken, written or recorded is *not what the person intended* to speak, write or record ..." *Id.* at 226 (emphasis in original). He then compared the case to "cases in which the jury made a mistake in returning the verdict," noting that "correction has been allowed under Rule 60(a) in such cases," and cited with approval two cases in which correction of a clerical error in a jury verdict had been allowed *shortly after* the jury had been discharged. *Id., citing Myrtle v. Checker Taxi Co.*, 279 F.2d 930 (7th Cir.1960) (proper under Rule 60(a) to reconvene jury after discharge to correct error of form, not substance); *Woodworkers Tool Works v. Byrne*, 191 F.2d 667 (9th Cir.1951) (proper to recall jury after discharge to correct transposition of special and general damages on verdict form).

Accordingly, the court finds its actions in recalling the jury and allowing the clerical correction were proper pursuant to Rule 60(a), Federal Rules of Civil Procedure, and denies plaintiff's motion for judgment notwithstanding the verdict and new trial on this ground.[3]

## WEIGHT OF THE EVIDENCE

Plaintiff next moves for judgment notwithstanding the verdict, contending that the damage award was not supported by the evidence and reasserting all grounds previously raised in his motion for directed verdict. With respect to the damage award, the court finds the award amply supported by the evidence. The award of $5,338.20 was clearly the sum of two items of defendant's claimed damages: $5,023.20 for additional discounts granted by defendant to one of its customers and $315.00 in additional labor costs to sort cups. Viewing the evidence in the light most favorable to defendant, the court finds reasonable jurors could have concluded that both the increased labor cost and the cost of the discount were proximately caused by plaintiff's breaches of contract and warranty.

Finally, plaintiff argues that defendant "failed to produce sufficient evidence to support any verdict in its favor" and that "at a minimum, evidence at trial entitles plaintiff to judgment for amounts outstanding on its invoices." In reviewing the evidence, the court finds the verdict against plaintiff clearly supported by the evidence, particularly the evidence regarding the quality of the cups and the delay in their shipment to Arizona. Finally, although the jury found defendant had also breached the contract, reasonable jurors could have concluded that defendant had paid all outstanding invoices, after deductions for freight charges as authorized by plaintiff or its agent. Accordingly, the court denies plaintiff's motions for judgment notwithstanding the verdict on this ground.

IT IS THEREFORE ORDERED that plaintiff's motion for judgment notwithstanding the verdict or, in the alternative, for a new trial (Docket # 57) is denied.

---

**3.** The court further finds no conflict with the procedure followed in this case and Rule 606(b), Fed.R.Evid., which precludes impeachment of a verdict by juror testimony. It is generally held that this rule "does not bar testimony by a juror that all the jurors agree that through inadvertence, oversight or mistake the verdict announced was not the verdict on which agreement had been reached." 3 J. Weinstein and M. Berger, *Weinstein's Evidence*, ¶ 606[04] at 606–40 (1990).