**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3957
_____

UNITED STATES OF AMERICA

v.

MICHAEL MORRIS,
Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 1-12-cr-00268-003)
District Judge: Honorable William W. Caldwell
_____

Submitted Under Third Circuit LAR 34.1(a)
June 12, 2014
_____

Before: AMBRO and BARRY, Circuit Judges, and
RESTANI,[*] Judge

(Opinion Filed: June 20, 2014)
_____

OPINION
_____

BARRY, Circuit Judge

       Michael Morris was convicted of conspiracy to distribute and distribution of

---

[*] The Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

cocaine. The jury found that each of Morris' offenses involved 28 grams or more, but less than 280 grams, of cocaine base, commonly referred to as crack cocaine. After the jury was dismissed, Morris filed a motion to correct the verdict, arguing that the jury had erred in entering its findings as to weight. The District Court denied the motion. We will affirm.

## I.

Morris and a co-defendant, Dawan Maynard, were indicted and tried on two counts: (1) conspiracy to distribute powder cocaine and crack cocaine, in violation of 21 U.S.C. § 846, and (2) distribution and possession with the intent to distribute powder cocaine and crack cocaine, in violation of 21 U.S.C. § 841. The charges arose from the following incidents. According to the evidence at trial, Maynard and Morris arranged four drug sales, two in 2010 and two in 2012, to individuals who turned out to be confidential police informants. Morris made the actual drug hand-offs in both of the 2012 sales, and those transactions involved powder cocaine only. Police also found two plastic baggies of powder cocaine on Morris at the time of his arrest in August 2012.

The jury convicted Morris and Maynard on both counts. The verdict form contained a special interrogatory for each charged offense. With respect to each count, upon a finding of guilty, the jury was tasked with determining the weight of the crack cocaine, if any, involved in the offense. The jury found that Morris had conspired to distribute and had actually distributed, or possessed with the intent to distribute, 28 grams or more, but less than 280 grams, of crack cocaine. It also found that Maynard had

2

conspired to distribute 28 grams or more, but less than 280 grams, of crack cocaine, but that, unlike Morris, he had distributed less than 28 grams of that drug. After the foreperson announced and the other jurors confirmed their agreement with the verdict, Morris asked the District Court to ask the jury whether the drug weights, as found, included crack cocaine or powder cocaine. The Court deemed it inappropriate to inquire further into the jury's decision, and denied the request. The jury was then dismissed.

Later that day, one of the jurors informed the District Court that, when making its weight determination with respect to the distribution charge, the jury considered the amount of both powder cocaine and crack cocaine. The Court promptly informed counsel of the juror's statement. Morris moved to correct the verdict, arguing that the jury had plainly made a mistake when responding to the special interrogatories. He asked that the Court recall the jury and investigate the reported mistake to ascertain whether it was a mere transcription error made when completing the verdict form.

The District Court denied the motion. It found that the juror's statement suggested no clerical—and correctable—error regarding the manner in which the verdict was entered on the form. Rather, any error related to the jury's understanding and application of the Court's instructions to the facts of the case. The Court found that it had no authority to probe the jury's mental processes or correct a verdict based on evidence of such an error. Morris timely appealed.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have

3

jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

We review the denial of a motion to inquire into a jury's deliberations for abuse of discretion. *United States v. Lakhani*, 480 F.3d 171, 184 (3d Cir. 2007). A district court abuses its discretion by making an error of law or a clearly erroneous finding of fact. *United States v. Tomko*, 562 F.3d 558, 567-68 (3d Cir. 2009) (en banc).

## III.

Federal Rule of Evidence 606(b) prohibits district courts, when inquiring into the validity of a verdict, from receiving juror testimony relating to statements made during deliberations or any juror's mental processes concerning the verdict. The Rule does, however, permit a juror to testify about whether "a mistake was made in entering the verdict on the verdict form." Fed. R. Evid. 606(b)(2)(C); *see, e.g.*, *Karl v. Burlington N. R.R. Co.*, 880 F.2d 68, 74 (8th Cir. 1989) (noting that Rule 606(b) permits a court to assess whether the verdict announced was the result of a "clerical error"—such as "one where the foreperson wrote down, in response to an interrogatory, a damage amount different from that agreed upon by the jury"—but not an erroneous interpretation of the court's instructions).

Although our review is hampered by the fact that the conversation between the juror and the District Court was not on the record, the juror's statement, as recounted by Morris and the Court, does not suggest that the verdict contained a transcription error or inaccurately reflected the will of the jury. The juror simply reported that the jury included both cocaine powder and crack cocaine when determining the weight of drugs

4

distributed by Morris. This was error, as the special interrogatory directed the jury to find the weight of crack cocaine alone.[1] The error, however, was a mistake in the jury's understanding of the Court's instructions and how the special interrogatory should be answered. Rule 606(b) barred the Court from receiving such evidence, which pertained to the jurors' thought process, or relying on that evidence as a basis for amending the verdict. The Court, therefore, did not abuse its discretion when it refused to recall the jury for an evidentiary hearing into how it arrived at its determination of the weight of drugs involved in those counts on which it found Morris guilty.

## IV.

For the foregoing reasons, we will affirm the order of the District Court.

---

[1] Indeed, the disparity in the weight of crack cocaine found to have been distributed by Morris and by Maynard appears to be the result of the jury's erroneous consideration of powder cocaine, which Morris, but not Maynard, physically possessed and distributed.