**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-1489
_____


UNITED STATES OF AMERICA

v.

DAWAN MAYNARD,

                                            Appellant


──────────────────


On Appeal from the District Court
for the Middle District of Pennsylvania
(District Court No.: 2-12-cr-00268-001)
District Judge:  Honorable William W. Caldwell

──────────────────


Submitted under Third Circuit LAR 34.1(a)
on November 20, 2014


Before:  McKEE, Chief Judge, RENDELL, SLOVITER, Circuit Judges


(Opinion filed: January 7, 2015)

**RENDELL**, Circuit Judge:

Appellant Dawan Maynard appeals from a judgment imposed by the District Court, sentencing him to 300 months imprisonment on one count of conspiracy to distribute and possession with intent to distribute 28 grams or more of crack cocaine, under 21 U.S.C. § 846, and one count of distribution and possession with intent to distribute less than 28 grams of crack cocaine, under 21 U.S.C. § 841. Maynard contends that the District Court erred in denying his motion in limine seeking to preclude evidence of a controlled purchase involving fake crack cocaine; the government failed to prove the specific intent necessary for conspiracy; the District Court improperly imposed a career criminal sentencing enhancement; and the District Court did not adequately apply the sentencing factors under 18 U.S.C. § 3553(a).[1] We will affirm.

## A. Fake Cocaine Transaction

Maynard's conviction was based on four controlled purchases of crack and powder cocaine. (A. 64 (November 4, 2010), 360-61 (December 10, 2010), 456 (January 12, 2012), 464 (April 3, 2012).) The second controlled purchase took place on December 10, 2010, when an informant arranged to purchase two ounces of crack cocaine from

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] We have appellate jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

Maynard. Eric Prather obtained the cocaine from Maynard's residence and waited to deliver it to Maynard at the meeting location. Prather noticed police surveillance as he approached the meeting location, and warned Maynard. Maynard left the meeting, and the informant attempted to contact Maynard by phone multiple times before Maynard took his call. Maynard directed the informant to meet him at a new location, at which time Maynard took the crack cocaine from Prather and gave him a different substance. Prather delivered two ounces of fake crack cocaine to the informant for $2,000. Maynard refused to answer further calls from the informant. (A. 292-314, 363-78, 613.)

### 1. Motion in Limine[2]

Maynard filed a motion in limine the day before trial seeking to exclude evidence regarding the December 10, 2010 controlled purchase pursuant to Federal Rules of Evidence 403 and 404. The District Court's denial of the motion off the record (A. 60) was not an abuse of discretion.[3] This Court has stated that "[w]here an Objection . . . invoke[s] Rule 403, the trial judge should record his balancing analysis to the extent that his exercise of discretion may be fairly reviewed on appeal." *Gov't of V.I. v. Archibald*, 987 F.2d 180, 186 (3d Cir. 1993) (quoting *United States v. Lebovitz,* 669 F.2d 894, 901 (3d Cir. 1982)). Where the district court fails to perform the required

---

[2] "We review the District Court's decision to exclude or admit evidence for an abuse of discretion, but we have plenary review of the District Court's interpretation of the Federal Rules of Evidence." *See United States v. Gilmore*, 553 F.3d 266, 271 (3d Cir. 2009); *see also United States v. Lopez*, 271 F.3d 472, 482 (3d Cir. 2001).

[3] The evidence was introduced at trial without objection from Maynard's counsel. (A. 85, 236, 292.) However, this Court has held that a pretrial motion in limine relieves a defendant of his need to make contemporaneous objections in order to preserve an issue on appeal. *Gov't of V.I. v. Joseph,* 964 F.2d 1380, 1384-85 (3d Cir. 1992).

balancing and to explain its grounds for denying a Rule 403 objection, this Court may examine the record itself and need not defer to the district court's reasoning. *Id.*

The December 10, 2010 controlled buy was properly introduced as evidence intrinsic to the charge of conspiracy to distribute crack cocaine. (A. 25-27.) Maynard is mistaken in arguing that, because no defendant was charged with attempt, the evidence of the fake crack cocaine deal was inadmissible as uncharged conduct and under Rule 403. First, evidence of other crimes or bad acts is intrinsic if it directly proves the charged offense. Second, "uncharged acts performed contemporaneously with the charged crime may be termed intrinsic if they facilitate the commission of the charged crime." *United States v. Green*, 617 F.3d 233, 248-49 (3d Cir. 2010) (quoting *United States v. Bowie,* 232 F.3d 923, 929 (D.C. Cir. 2000)). The December 10, 2010 controlled purchase serves as evidence of Maynard's relationship with his co-conspirators and his use of drug trafficking methods. *See United States v. Gibbs*, 190 F.3d 188, 218 (3d Cir. 1999).[4]

## 2. Sufficiency of the Evidence[5]

The government did not fail to prove the specific intent necessary to convict Maynard of conspiracy. Maynard's argument that introduction of the December 10, 2010

---

[4] This evidence also does not run afoul of Federal Rule of Evidence 403. *See Green*, 617 F.3d at 247. Despite the potentially prejudicial nature of this evidence, that prejudice does not substantially outweigh the significant probative value of the evidence to his conspiracy conviction.

[5] Because Maynard did not preserve this issue, we review the sufficiency of the evidence for plain error. We view the evidence in the light most favorable to the government and must sustain a jury's verdict if a reasonable jury believing the government's evidence could find beyond a reasonable doubt that the government proved all elements of the offenses. *See United States v. Mornan,* 413 F.3d 372, 381-82 (3d Cir. 2005).

4

transaction was improper because there was no evidence that Maynard delivered a controlled substance fails because Maynard is mistaken as to the appropriate mens rea to convict him of conspiracy. "[T]he structure and plain text of § 841 affords no support for a requirement that the Government must prove more than the defendant's knowledge that he was trafficking in a controlled substance." *United States v. Barbosa,* 271 F.3d 438, 458 (3d Cir. 2001). The same mens rea requirement applies to § 846. *See, e.g.*, *United States v. Villarce,* 323 F.3d 435, 439 n.1 (6th Cir. 2003); *United States v. Carrera,* 259 F.3d 818, 830 (7th Cir. 2001); *United States v. Sheppard,* 219 F.3d 766, 768 n.2, 770 (8th Cir. 2000); *see also United States v. Russell,* 134 F.3d 171, 183 (3d Cir. 1998) ("Co-conspirators do not have to know all of the details . . . to support the finding of a single conspiracy."). Despite one instance where fake cocaine was provided to the informant, three other controlled buys of cocaine establish the requisite mental intent for Maynard's conviction on one conspiracy count.

## B. Sentencing[6]

### 1. Career Criminal Sentencing Enhancement

The District Court did not err in applying the career offender enhancement under U.S.S.G. § 4B1.1. First, the District Court did not commit plain error in determining that it was appropriate to look back fifteen years at prior convictions. In 1988, Maynard was

---

[6] Appellate review of sentencing decisions is limited to determining whether they are reasonable under the abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 46 (2007). This Court reviews the factual findings relevant to the Sentencing Guidelines for clear error and exercises plenary review over a district court's interpretation of the Guidelines. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007). Where a challenge to the Sentencing Guidelines is not raised before the district court, it is reviewed for plain error. *United States v. Tai*, 750 F.3d 309, 313-14 (3d Cir. 2014).

convicted of robbery, simple assault, carrying a firearm without a license, and criminal conspiracy, which he committed in 1987 when he was fifteen years old. He was sentenced to three to six years imprisonment. Presentence Report ("PSR") ¶ 40 (under seal); *see also* Appellant Br. at 18. U.S.S.G. § 4A1.2(d)(1) instructs that, for offenses committed prior to age eighteen, the sentencing court should add three points to Maynard's criminal history score because he was convicted as an adult and received a sentence of imprisonment exceeding one year and one month. The five-year look-back period under § 4A1.2(d)(2), which Maynard argues should be applied through § 4A1.2(e)(4), pertains only to minority convictions not covered by § 4A1.2(d)(1) (*e.g.,* juvenile convictions or where the defendant received a sentence of one year and one month or less). *See* U.S.S.G. § 4A1.2 application n.7; *see also United States v. Gipson*, 46 F.3d 472, 475 (5th Cir. 1995); *United States v. Davis*, 929 F.2d 930, 933 n.1 (3d Cir. 1991). Accordingly, it was appropriate for the District Court to apply the fifteen-year look-back period to Maynard's earlier convictions, as specified in § 4A1.2(e)(1).

The District Court also did not commit clear error in determining that Maynard's 1988 conviction fell within the fifteen-year look-back period.[7] Maynard received his sentence of three to six years imprisonment in May 1988. *Compare* A. 643 (May 7, 1988), *with* Supp. A. 11 (May 11, 1988). Maynard was paroled on June 6, 1991. (A. 643.) On April 30, 1992, Maynard was arrested and incarcerated on attempted murder

---

[7] The Guidelines establish that a sentencing court should look to the last date of incarceration to determine if the sentence falls within the look-back period. Those Guidelines also direct that the original term of imprisonment is to be added to any term of imprisonment imposed upon revocation of probation or parole. U.S.S.G. § 4A1.2(k).

charges and for his parole violation. PSR ¶ 42 (under seal). On May 9, 1995, Maynard was sentenced on the attempted murder charges and received a parole revocation sentence for the robbery conviction for two years, nine months, and twenty-eight days. (Supp. A. 11.) Maynard's revocation sentence expired on March 7, 1998. (A. 644); (Supp. A. 11.) Maynard continued to serve his attempted murder sentence until his release in 2005. The current indictment charged conduct from June 2009, less than fifteen years after 1998.

## 2. Section 3553(a) Factors[8]

The District Court appropriately applied the § 3553(a) factors and, in particular, did not unreasonably apply those factors in giving Maynard a sentence three years longer than his co-conspirator, Michael Morris.[9] *See* 18 U.S.C. § 3553(a)(6). The District Court acknowledged that Morris received a sentence of 262 months for his involvement. (A. 669.) The District Court also explicitly balanced the § 3553(a) factors. *See* 2/12/14

---

[8] For this Court to conclude that a sentence is reasonable, we must be satisfied that the sentencing court appropriately exercised its discretion by considering the relevant factors under 18 U.S.C. § 3553(a). *United States v. Begin*, 696 F.3d 405, 411 (3d Cir. 2012). There is "at least one concrete requirement to establish that the sentencing court gave meaningful consideration to the relevant § 3553(a) factors: the court must acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis." *Id.* (quoting *United States v. Ausburn,* 502 F.3d 313, 329 (3d Cir. 2007)). "A rote statement that the court has considered each of the § 3553(a) factors is not a sufficient response to a specific colorable argument." *Id.*

[9] This Court has affirmed Morris's conviction and sentence. *United States v. Morris*, 570 F. App'x 151 (3d Cir. 2014).

Sentencing Hr'g Tr. at 12:13-14:14 (A. 670-72).  We conclude that the District Court properly weighed Morris's relative culpability and the other § 3553(a) factors.[10]

For the foregoing reasons, we will affirm Maynard's conviction and the sentence imposed by the District Court.

---

[10] The District Court also properly weighed the harshness of the career offender enhancement.  Not only did the District Court discuss Maynard's career offender status in its statements during sentencing, but the District Court engaged with Maynard's arguments on that point at length, as discussed above.