COLORADO COURT OF APPEALS                                    **2017COA46**

Court of Appeals No. 16CA0164
City and County of Denver District Court No. 14CV34510
Honorable Elizabeth A. Starrs, Judge

Adrian Malpica-Cue,

Plaintiff-Appellee,

v.

Benjamin A. Fangmeier,

Defendant-Appellant.

ORDER VACATED AND CASE
REMANDED WITH DIRECTIONS

Division II
Opinion by JUDGE J. JONES
Dailey and Berger, JJ., concur

Announced April 6, 2017

Marra Leavitt LLC, Marcie B. Leavitt, Arvada, Colorado, and Ramos Law, LLC,
Jessica L. Derakhshanian, Wheat Ridge, Colorado, for Plaintiff-Appellee

Hall & Evans, LLC, Alan Epstein, Denver, Colorado; Temple & Associates,
Christopher J. Witte, Lone Tree, Colorado, for Defendant-Appellant

¶ 1 Defendant, Benjamin A. Fangmeier, appeals the district court's order denying his motion to decrease the amount of damages awarded at trial based on an affidavit from the jury foreman asserting that the jury entered a number by mistake on the special verdict form. Construing a 2007 amendment to CRE 606(b), we vacate the order and remand the case.

## I. Background

¶ 2 Plaintiff, Adrian Malpica-Cue, sued Mr. Fangmeier for damages resulting from a car accident. After a trial, the jury filled out Special Verdict Form B, answering "Yes" to the following two questions: (1) "Did the Plaintiff, Adrian Malpica-Cue, have injuries, damages and losses?"; and (2) "Was the Defendant's negligence a cause of any of the injuries, damages and losses claimed by the Plaintiff?" The jury then answered questions concerning damages as follows:

a) What is the total amount of the Plaintiff's damages, if any, for non-economic losses or injuries? Non-economic losses or injuries are those losses or injuries described in paragraph 1 of Instruction 10. You should answer "0" if you determine there were none.

ANSWER: $2,500.00

1

b) What is the total amount of the Plaintiff's damages, if any, for economic losses? Economic losses are those losses described in numbered paragraph 2 of Instruction No. <u>10</u>. You should answer "0" if you determine there were none.

ANSWER $<u>18,373.38</u>

c) What is the total amount of the Plaintiff's damages, if any, for physical impairment or disfigurement? In computing damages in this category, you shall not include any damages for losses or injuries already determined above. You should answer "0" if you determine there were none.

ANSWER: $<u>20,873.38</u>

¶ 3    Each of the six jurors signed the special verdict form. The trial judge read the verdict, and each separate amount of damages, aloud in open court. The judge then asked the jury, "Was this and is this your verdict?" The jury foreman replied, "Yes, it is." The judge then asked, "Would any of the lawyers — would either of the parties want me to poll the jury?" Both Mr. Fangmeier's and Mr. Malpica-Cue's counsel answered, "No, your honor."

¶ 4    According to Mr. Fangmeier's post-trial motion, after the court dismissed the jury, but while the jurors were still in the courthouse, defense counsel spoke with some of the jurors about the amount of damages they had awarded. They told counsel that they had

2

intended to award $2,500 for noneconomic losses, $18,373.38 for economic losses, and $0 for physical impairment or disfigurement. The jury had therefore intended to award total damages of only $20,873.38, but the noneconomic and economic damages had mistakenly been added together, and the total had been mistakenly entered on the line designated for "physical impairment or disfigurement." Defense counsel told the court clerk that all six jurors agreed that they had made a mistake on the verdict form and wanted to fix it. The judge denied defense counsel's request to reconvene the jury that day, and told him to file a motion on the issue.

¶ 5    Mr. Fangmeier subsequently filed a motion asking the court to vacate the jury verdict awarding $41,746.76, and to enter a judgment in the amount of $20,873.38, under C.R.C.P. 59 and 60. The motion included an affidavit from the jury foreman saying that the jury had made a mistake when it had filled out the verdict form. Specifically, the foreman's affidavit said,

> We all deliberated and agreed to award the plaintiff $2,500 for non-economic damages (pain and suffering) and $18,373.38 for economic damages (medical bills) and nothing more. We agreed to award the plaintiff the

total amount of $20,873.38. We made a mistake in completing the verdict form and we wrote the total amount of our award on the line for permanent impairment. We did not intend to give the plaintiff anything for permanent impairment.

The motion also included a photograph of notations on the dry erase board that the jury had used during deliberations.

¶ 6    The district court denied Mr. Fangmeier's motion, saying that Rule 606(b) precluded it from considering the foreman's affidavit.

## II.  Discussion

¶ 7    Mr. Fangmeier contends that the jury foreman's affidavit is not precluded under Rule 606(b) because an exception to that rule allows juror testimony regarding "whether there was a mistake in entering the verdict onto the verdict form." We agree with Mr. Fangmeier, though we also conclude that the affidavit, by itself, while entitling Mr. Fangmeier to a hearing on the issue, does not require a changing of the verdict.

### A.  Standard of Review

¶ 8    We review a district court's interpretation of an evidentiary rule de novo. *People v. Reed*, 216 P.3d 55, 56-57 (Colo. App. 2008).

4

## B. Analysis

¶ 9     Under Rule 606(b), a juror may not testify regarding "any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith." But the rule gives three exceptions: a juror may testify regarding "(1) whether extraneous prejudicial information was improperly brought to the jurors' attention, (2) whether any outside influence was improperly brought to bear upon any juror, or (3) whether there was a mistake in entering the verdict onto the verdict form." CRE 606(b).[1] We consider only the third exception.

¶ 10    In its order denying Mr. Fangmeier's post-trial motion, the district court relied heavily on *Stewart ex rel. Stewart v. Rice*, 47 P.3d 316 (Colo. 2002). The facts in *Stewart* are nearly identical to

---

[1] In *Pena-Rodriguez v. Colorado*, 580 U.S. ___, 137 S. Ct. 855 (2017), the Court held that the Sixth Amendment to the United States Constitution may require a court to consider evidence of a juror's racial bias in circumstances where common law and rules of evidence otherwise would not permit such consideration. This case does not involve such an issue.

those presented by this case: the defendant caused a car accident; the court told the jury to fill out a special verdict form awarding damages for three separate categories — noneconomic, economic, and physical impairment; there were separate lines on which the jury could enter damages for each category; the amounts that the jury awarded for the first two categories added up to the amount entered for the third category; the trial judge read the verdict aloud and polled each juror to confirm the verdict; and defense counsel submitted affidavits from five of the six jurors asserting that the jury had not intended to award any damages for physical impairment, but had mistakenly written the total of the first two categories on the line for the third category. *Id.* at 317-18. The supreme court held that the jurors' affidavits could not be considered, and the verdict could not be altered, because the alleged mistake did not fall within the plain language of either of the (then) two exceptions to Rule 606(b) — for extraneous prejudicial information and outside influence. *Id.* at 317, 320, 323. The supreme court also held that there was no implicit "clerical error" exception to Rule 606(b). *Id.* at 324-27.

6

¶ 11    Despite the factual similarity of *Stewart* to this case, we conclude that, in light of a 2007 amendment to Rule 606(b), *Stewart* does not control.

¶ 12    Though there were only two exceptions to Rule 606(b) in 2002 when the supreme court decided *Stewart,* in 2007 the supreme court amended Rule 606(b) "to bring it into conformity with the 2006 amendments to the federal rule, providing that juror testimony may be used to prove that the verdict reported was the result of a mistake in entering the verdict on the verdict form."  CRE 606 committee cmt.  The nearly identical federal rule was amended in 2006 in response "to a divergence between the text of the Rule and the case law that has established an exception for proof of clerical errors."  Fed. R. Evid. 606 advisory committee's note to 2006 amendment; *see also* CRE 606 committee cmt.  The divergence in federal case law was represented by two different approaches — a broad exception to the rule and a narrow exception.  The "broader exception," which was not adopted, permitted "juror testimony to prove that the jurors were operating under a misunderstanding about the consequences of the result that they agreed upon."  Fed. R. Evid. 606 advisory committee's

note to 2006 amendment; *see, e.g.*, *Eastridge Dev. Co. v. Halpert Assocs., Inc.*, 853 F.2d 772, 783 (10th Cir. 1988); *Attridge v. Cencorp Div. of Dover Techs. Int'l, Inc.*, 836 F.2d 113, 116 (2d Cir. 1987); *see also Chalmers v. City of Chicago*, 431 N.E.2d 361, 365 (Ill. 1982).  This approach was rejected "because an inquiry into whether the jury misunderstood or misapplied an instruction goes to the jurors' mental processes underlying the verdict, rather than the verdict's accuracy in capturing what the jurors had agreed upon."  Fed. R. Evid. 606 advisory committee's note to 2006 amendment; *see also* 3 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 606.04[4][b], at 606-39 (Mark S. Brodin ed., 2d ed. 2015).

¶ 13    Instead, the amendment adopted a narrow approach that "is limited to cases such as 'where the jury foreperson wrote down, in response to an interrogatory, a number different from that agreed upon by the jury, or mistakenly stated that the defendant was 'guilty' when the jury had actually agreed that the defendant was not guilty.'"  Fed. R. Evid. 606 advisory committee's note to 2006 amendment (quoting *Robles v. Exxon Corp.*, 862 F.2d 1201, 1208 (5th Cir. 1989)).

8

¶ 14 Because the Colorado Supreme Court amended Rule 606(b) expressly to conform to the federal rule amendment, we hold that the added "mistake" exception is likewise narrow and limited to cases where the verdict rendered is not the verdict to which the jury agreed. *See Stewart*, 47 P.3d at 321 ("When our rule is similar to the federal rule, we may look to the federal authority for guidance in construing our rule."); *Leiting v. Mutha*, 58 P.3d 1049, 1052 (Colo. App. 2002) ("Cases interpreting a similar federal rule of evidence are instructive.").

¶ 15 In this case, the mistake alleged is the type of "mistake" or "clerical error" contemplated by the added exception. In essence, the jury foreman asserts that he mistakenly wrote down $20,873.38 (the sum of the damages for the noneconomic and economic losses) in a space where he should have written the amount the jury agreed to — $0. Put another way, all of the jurors agreed that Mr. Malpica-Cue should not recover anything for physical impairment or disfigurement, but the foreman misread the verdict form. This type of mistake is distinguishable from those in cases — reflecting the rejected broader exception — where jurors agreed on an amount of damages (that is, agreed to the figure as shown on the verdict

9

form), but later claimed that they did so as a result of misunderstanding the meaning or effect of the instructions, and would have awarded different damages had they properly understood the instructions. *Compare Craig Outdoor Advert., Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1022 (8th Cir. 2008) ("Clerical error might involve . . . a transposed number in the damages amount set forth on the verdict form."), *and Karl v. Burlington N. R.R. Co.*, 880 F.2d 68, 74 (8th Cir. 1989) ("A clerical error would be one where the foreperson wrote down . . . a damage amount different from that agreed upon by the jury."), *and Kading v. Kading*, 683 P.2d 373, 376-77 (Colo. App. 1984) (correctable clerical error where the amount awarded for one count was inadvertently switched with the amount for a different count against the same defendant), *and Harmon Cable Commc'ns of Neb. Ltd. P'ship v. Scope Cable Television, Inc.*, 468 N.W.2d 350, 367-70 (Neb. 1991) (correctable clerical error where the jury foreman made a transpositional error in filling out the special verdict forms), *with United States v. Morris*, 570 F. App'x 151, 153-54 (3d Cir. 2014) (no correctable clerical error where jury misunderstood the instructions), *and Munafo v. Metro. Transp. Auth.*, 381 F.3d 99,

10

107-08 (2d Cir. 2004) (no correctable error where jurors "most likely misjudged the legal effect" of a question), *and Plummer v. Springfield Terminal Ry. Co.*, 5 F.3d 1, 3-4 (1st Cir. 1993) (no correctable error where jurors agreed on verdict amounts but allegedly misunderstood the legal effect of assessing degrees of fault), *and Lahaina Fashions Inc. v. Bank of Haw.*, 319 P.3d 356, 370 (Haw. 2014) (no correctable clerical error where jury realized its answers caused a result opposite from what it intended), *and Shadoan v. Cities of Gold Casino*, 224 P.3d 671, 675 (N.M. Ct. App. 2010) (no correctable clerical error where jurors misunderstood the outcome and effect of their decision regarding damages).[2]

---

[2] Other cases as well have held that the type of mistake in this case is correctable, and that jurors may testify regarding the verdict to which the jury actually agreed. *See United States v. Dotson*, 817 F.2d 1127, 1130 (5th Cir.) (court changed the tendered verdict when juror testimony confirmed that the wrong box had been checked on verdict form), *vacated in part on other grounds on reh'g*, 821 F.2d 1034 (5th Cir. 1987); *Boston Gas Co. v. Century Indem. Co.*, 793 F. Supp. 2d 511, 521 (D. Mass. 2011) (where evidence supported alleged jury mistake, court did not reconvene jury because the trial was held four years earlier; rather, the court vacated the verdict because it was against the weight of evidence), *aff'd*, 708 F.3d 254 (1st Cir. 2013); *TeeVee Toons, Inc. v. MP3.Com, Inc.*, 148 F. Supp. 2d 276, 277-79 (S.D.N.Y. 2001) (court allowed juror testimony regarding calculation error and ordered a new trial); *Sifers Corp. v. Ariz. Bakery Sales Co.*, 133 F.R.D. 607, 608 (D. Kan. 1991) (after discharge, jury informed bailiff that jury foreman had

¶ 16    Because Rule 606(b) now provides an exception for the type of jury mistake alleged in this case, we conclude that the district court erred in refusing initially to reconvene the jurors the day the trial ended and later in failing to reconvene the jurors to ascertain their true verdict in response to Mr. Fangmeier's post-trial motion.[3]

¶ 17    But it does not follow that Mr. Fangemeier is entitled, on this record, to a change in the verdict. The question is whether *all* jurors agreed that Mr. Malpica-Cue should recover nothing for physical impairment. And though it has been said that the foreman "is the spokesman for the jury as a whole," *Kading*, 683 P.2d at 376, we believe the court must attempt to ascertain whether the foreman's position actually reflects the views of all of the jurors. *See Munafo*, 381 F.3d at 108 (affidavit of single juror insufficient); *Karl*, 880 F.2d at 74; *Cont'l Cas. Co. v. Howard*, 775 F.2d 876, 885

---

written damages amount in the wrong space on the verdict form, resulting in an award to the wrong party; court permitted correction).

[3] The fact that the court polled the jurors is not a bar to considering the foreman's affidavit. *E.g., Sifers Corp.,* 133 F.R.D. at 607 (correcting verdict after jurors had been polled); *Lahaina Fashions, Inc. v. Bank of Haw.,* 319 P.3d 356, 361 (Haw. 2014) (trial court acted within its discretion in reconvening jurors; jurors had been polled).

(7th Cir. 1985). This is so for two reasons. First, "[w]hen [an] individual juror[] raise[s] [an] allegation[] of verdict inaccuracy, courts must proceed with 'great caution' to avoid 'giv[ing] to the secret thought of one the power to disturb the expressed conclusions of [all jurors]' and thereby encourage 'tampering with individual jurors subsequent to the verdict.'" *Munafo*, 381 F.3d at 108 (quoting *Mattox v. United States*, 146 U.S. 140, 148 (1892)); *accord Karl*, 880 F.2d at 74; *Cont'l Cas. Co.*, 775 F.2d at 885. And second, attempting to determine actual agreement by all jurors gives effect to each party's right to poll the jurors to verify the legitimacy of the verdict. C.R.C.P. 47(q); Crim. P. 31(d).

¶ 18    The motion and affidavit, however, allege facts sufficient to justify an evidentiary hearing to ascertain the jurors' true verdict. On remand, the court shall attempt to reconvene all of the jurors. If the court is able to do so, it shall ask all of them whether the verdict reflected on the verdict form is the verdict to which they actually agreed, and if it is not, what verdict they agreed to. If the court cannot reconvene all of the jurors, the court should question those whom it is able to convene. In either case, the court must also consider any objective evidence bearing on the jurors' actual

agreement. Such objective evidence may include the fact that the amount shown on the verdict form for physical impairment equals the total of the amounts shown on the verdict form for noneconomic and economic losses, the degree to which the amounts shown on the verdict form can be explained by the evidence, and any other relevant objective circumstance that does not entail inquiring into the jurors' process of reasoning.[4]

¶ 19　If after considering the testimony and other evidence the court is not persuaded that a correctable mistake was made (in that all jurors agreed to a particular different verdict), the verdict shall stand.[5] But if the court determines otherwise, the court shall correct the verdict.

---

[4] *Hanna v. State Farm Insurance Co.*, 169 P.3d 267 (Colo. App. 2007), does not, contrary to Mr. Malpica-Cue's assertion, stand for the proposition that jurors cannot be reconvened to determine their actual verdict after they have been discharged and have left the courthouse. That case did not discuss the exceptions to CRE 606(b). Those exceptions frequently come into play after jurors have been discharged. And we note that in some of the cases applying the third exception, jurors were reconvened after they had left the courthouse. Though the possibility of outside influence increases after jurors are discharged, we are confident that any such influence can ordinarily be exposed through questioning.

[5] To be clear, if fewer than all the jurors testify about their true verdict, the court should not change the verdict unless the court

14

### III. Conclusion

¶ 20    The order is vacated, and the case is remanded for proceedings consistent with this opinion.

JUDGE DAILEY and JUDGE BERGER concur.

---

concludes that doing so is consistent both with the juror testimony and the relevant objective evidence. If all of the jurors testify, and all agree the same mistake was made, the court may correct the verdict based on that testimony alone.